■ Excelsior 57th Corp., Appellant, v Jack E. Winters et al., Respondents. [641 NYS2d 675] —Order, Appellate Term, First Department (Parness, J. P., and Glen, J.; McCooe, J., dissenting), entered May 24, 1994, which modified the final judgment of Civil Court, New York County (James Grayshaw, J.), entered October 29, 1992, after nonjury trial, awarding petitioner-landlord $119,220.25, a judgment of possession, as well as attorneys' fees, by reducing petitioner-landlord's recovery by $9,695.63, representing payments by tenants, and vacating the award for petitioner-landlord's attorneys' fees and substituting therefor an award of attorneys' fees to respondents-tenants, unanimously modified, on the law and the facts, to vacate the award of attorneys' fees to respondents-tenants and to reinstate the award of attorneys' fees to petitioner-landlord, and otherwise affirmed, without costs.

The basic issue to be determined on this appeal is which

party should be accorded the status of "prevailing party", thereby allowing recovery of attorneys' fees. We have previously stated that such a determination requires an initial consideration of the true scope of the dispute litigated, followed by a comparison of what was achieved within that scope (*Solow v Wellner*, 205 AD2d 339, 340, *affd* 86 NY2d 582). At issue, here, was a claim by the petitioner-landlord for 54 months' rent in which the tenants claimed constructive eviction and breach of warranty of habitability for 24 of those months. However, both Civil Court and the Appellate Term determined that the tenants were entitled only to a rent abatement for some $4^1/2$ months. Under such circumstances, it is clear that the landlord should be accorded the status of "prevailing party" and entitled to attorneys' fees pursuant to the lease (*Peachy v Rosenzweig*, 215 AD2d 301).

We have considered respondents-tenants' other contentions, that they established a constructive eviction lasting two years and that their property damage claim was not properly considered by the Civil Court, and find them to be without merit. Concur—Murphy, P. J., Wallach, Ross, Nardelli and Williams, JJ.