■ DKR Mortgage Asset Trust 1, Respondent, v Jeanette Rivera, Also Known as Jeanette Rivera Vega and Others, Appellant, et al., Defendants. [14 NYS3d 414]—

In an action to foreclose a mortgage, the defendant Jeanette Rivera, also known as Jeanette Rivera Vega, also known as Jeanette Vega, also known as Jeanette Rosa, appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Agate, J.), dated May 27, 2014, as, upon granting that branch of the plaintiff's motion which was, in effect, pursuant to CPLR 3217 (b) to discontinue the action, denied those branches of her cross motion which were for an award of an attorney's fee pursuant to Real Property Law § 282 and CPLR 3217 (b).

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action to foreclose a mortgage. After the defendant Jeanette Rivera, also known as Jeanette Rivera Vega, also known as Jeanette Vega, also known as Jeanette Rosa (hereinafter Rivera), interposed an answer and counterclaims, the plaintiff moved, inter alia, in effect, pursuant to CPLR 3217 (b) to voluntarily discontinue the action

without prejudice. Rivera cross-moved for, among other things, an award of an attorney's fee in the amount of $7,300 pursuant to Real Property Law § 282 and CPLR 3217 (b). The Supreme Court, inter alia, granted that branch of the plaintiff's motion which was, in effect, pursuant to CPLR 3217 (b) to discontinue the action, and denied those branches of Rivera's cross motion which were for an award of an attorney's fee pursuant to Real Property Law § 282 and CPLR 3217 (b). Rivera appeals.

In New York, "attorneys' fees are deemed incidental to litigation and may not be recovered unless supported by statute, court rule or written agreement of the parties" (*Flemming v Barnwell Nursing Home & Health Facilities, Inc.*, 15 NY3d 375, 379 [2010]; *see Hooper Assoc. v AGS Computers*, 74 NY2d 487, 491 [1989]). Here, Rivera contends that the Supreme Court should have awarded her an attorney's fee pursuant to Real Property Law § 282 and CPLR 3217 (b).

Real Property Law § 282 became effective December 19, 2010 (*see* L 2010, ch 550, § 2). As relevant here, that section provides that "[w]henever a covenant contained in a mortgage on residential real property shall provide that . . . the mortgagee may recover attorneys' fees and/or expenses incurred as the result of the failure of the mortgagor to perform any covenant or agreement contained in such mortgage . . . there shall be implied in such mortgage a covenant by the mortgagee to pay to the mortgagor the reasonable attorneys' fees and/or expenses incurred by the mortgagor . . . in the successful defense of any action or proceeding commenced by the mortgagee against the mortgagor arising out of the contract" (Real Property Law § 282 [1]).

Here, the parties dispute whether Rivera may be considered to have successfully defended the action within the meaning of Real Property Law § 282. The language of Real Property Law § 282 that is at issue on this appeal was adapted from language contained in Real Property Law § 234, a similar statute applicable to landlord-tenant disputes (*see* 2-26 Bruce J. Bergman, Bergman on New York Mortgage Foreclosures § 26.01 [2]). Although the parties do not cite, and research has not revealed, any appellate cases in which the language of Real Property Law § 282 has been analyzed, the Court of Appeals has analyzed the circumstances under which a tenant may recover an attorney's fee under the analogous provision contained in Real Property Law § 234 (*see Graham Ct. Owners Corp. v Taylor*, 24 NY3d 742, 752 [2015]; *433 Sutton Corp. v Broder*, 22 NY3d 1161, 1162 [2014]; *Nestor v McDowell*, 81 NY2d 410, 415-416 [1993]).

In this regard, the Court of Appeals has stated that "[o]rdinarily, only a prevailing party is entitled to attorney's fees" (*Nestor v McDowell*, 81 NY2d at 415-416). "To be considered a prevailing party, a party must be successful with respect to the central relief sought" (*Fatsis v 360 Clinton Ave. Tenants Corp.*, 272 AD2d 571, 571-572 [2000]; *see Nestor v McDowell*, 81 NY2d at 415-416; *Village of Hempstead v Taliercio*, 8 AD3d 476, 476 [2004]). "[S]uch a determination requires an initial consideration of the true scope of the dispute litigated, followed by a comparison of what was achieved within that scope" (*Excelsior 57th Corp. v Winters*, 227 AD2d 146, 147 [1996]; *see Chainani v Lucchino*, 94 AD3d 1492, 1494 [2012]).

Here, the voluntary discontinuance of this action pursuant to CPLR 3217 (c) was without prejudice and there was no substantive determination on the merits of either the plaintiff's cause of action or Rivera's counterclaims and defenses. Accordingly, Rivera was not a prevailing party for the purposes of Real Property Law § 282 and was not entitled to an award of an attorney's fee for a "successful defense" of this foreclosure action (Real Property Law § 282; *accord Graham Ct. Owners Corp. v Taylor*, 24 NY3d at 752; *433 Sutton Corp. v Broder*, 22 NY3d at 1162; *compare 640 Broadway Renaissance Co. v Rossiter*, 256 AD2d 568, 568-569 [1998], *with 815 Park Ave. Owners v Metzger*, 250 AD2d 471, 472 [1998]).

In addition to citing Real Property Law § 282 as a basis for the imposition of an attorney's fee, Rivera also relied upon the discretionary authority conferred upon courts by CPLR 3217 (b). That section provides that, with limited exceptions not applicable here, "an action shall not be discontinued by a party asserting a claim except upon order of the court and upon terms and conditions, as the court deems proper" (CPLR 3217 [b]). The determination of whether to award an attorney's fee as a condition of granting a voluntary discontinuance is a matter left to the sound discretion of the court (*see* CPLR 3217 [b]; *see also McDevitt v Ford Motor Co.*, 79 AD2d 676, 676 [1980]; *Lundin v Mittelman*, 281 App Div 894, 895 [1953]; *accord Terrace Hotel Co. v State of New York*, 19 NY2d 526, 532 [1967]). Here, under the circumstances, the Supreme Court providently exercised its discretion in denying that branch of Rivera's motion which was for an award of an attorney's fee pursuant to CPLR 3217 (b) (*cf. American Tr. Ins. Co. v Roberson*, 114 AD3d 821, 822 [2014]; *Brockman v Turin*, 130 AD2d 616, 616 [1987]; *Mandelbaum v L. N. Magazine Distribs.*, 28 AD2d 680, 680 [1967]). Skelos, J.P., Balkin, Chambers and Miller, JJ., concur.