Free People of PA LLC v Delshah 60 Ninth, LLC (2019 NY Slip Op 01505)





Free People of PA LLC v Delshah 60 Ninth, LLC


2019 NY Slip Op 01505


Decided on February 28, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 28, 2019

Friedman, J.P., Kapnick, Webber, Oing, Singh, JJ.


8562NA 650654/17 8562N

[*1] Free People of PA LLC, Plaintiff-Appellant-Respondent,
v
Delshah 60 Ninth, LLC, Defendant-Respondent-Appellant.


Drinker Biddle & Reath LLP, Philadelphia, PA (William M. Connolly, of the bar of the Commonwealth of Pennsylvania and the State of New Jersey, admitted pro hac vice, of counsel), for appellant-respondent.
Rosenberg & Estis, P.C., New York (Bradley S. Silverbush and Richard Corde of counsel), for respondent-appellant.



Orders, Supreme Court, New York County (Barry R. Ostrager, J.), entered October 18, 2017 and November 21, 2017, which, after a nonjury trial, awarded plaintiff $650,000 in damages, plus statutory interest from March 6, 2016, denied the parties' respective requests to be deemed the prevailing party, and granted defendant's request pursuant to CPLR 3220 for expenses, including reasonable attorneys' fees, associated with trying the issue of damages, unanimously affirmed, without costs.
The trial court correctly determined, giving due consideration to the nature of the contract and the circumstances, that the rent credits provision in the parties'
lease constituted an unenforceable penalty (see JMD Holding Corp. v Congress Fin. Corp., 4 NY3d 373, 379-380 [2005], citing Truck Rent-A-Ctr. v Puritan Farms 2nd, 41 NY2d 420, 424-425 [1977]; see also Bates Adv. USA, Inc. v 498 Seventh, LLC, 7 NY3d 115, 120 [2006]). The rent credit sought by plaintiff as liquidated damages under the lease agreement was grossly disproportionate to its estimated and actual loss, creating a windfall for plaintiff, and the damages flowing from the breach were readily ascertainable at the time the parties entered into the lease.
The record supports the court's damages determination, which rests in large measure on considerations relating to the credibility of the witnesses (see Nightingale Rest. Corp. v Shak Food Corp., 155 AD2d 297 [1st Dept 1989], lv denied 76 NY2d 702 [1990]).
Considering the true scope of the dispute litigated and what was achieved within that scope, the court properly determined that neither party was entitled to prevailing party attorneys' fees (see Excelsior 57th Corp. v Winters, 227 AD2d 146 [1st Dept 1996]).
The court correctly awarded defendant its expenses, including attorneys' fees, incurred in [*2]trying the issue of damages from the date of its offer pursuant to CPLR 3220 to settle the action (see Abreu v Barkin & Assoc. Realty, Inc., 115 AD3d 624 [1st Dept 2014]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 28, 2019
CLERK