Anello v Fiedler (2021 NY Slip Op 51168(U))

[*1]

Anello v Fiedler

2021 NY Slip Op 51168(U) [73 Misc 3d 139(A)]

Decided on November 26, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 26, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, J.P., MICHELLE WESTON, DAVID ELLIOT, JJ

2020-740 K C

Joseph Anello, Respondent,
against
Paul Fiedler, Appellant. 

William E. Leavitt, for appellant.
Stern & Stern, Esqs. (Pamela Smith of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Hannah
Cohen, J.), dated December 5, 2019. The order denied tenant's motion for attorney's fees in a
holdover summary proceeding.

ORDERED that the order is affirmed, without costs.
Landlord commenced this owner's use holdover proceeding in September 2017. By order
dated February 5, 2018, the Civil Court granted, without prejudice, tenant's motion to dismiss the
petition for lack of personal jurisdiction. By order dated July 5, 2019, a second owner's use
proceeding, commenced by landlord shortly after the dismissal of this proceeding, was
discontinued because landlord was unable at that time to meet the heightened requirements
triggered by tenant turning 62 years old over a year after the commencement of that proceeding
(see Rent Stabilization Code [9 NYCRR] §§ 2520.6 (p); 2524.4 [a] [2]).
Tenant then moved in this proceeding for an award of attorney's fees claiming that he was
ultimately the prevailing party in this proceeding by virtue of the discontinuance of the
subsequent proceeding and, thus, entitled to attorney's fees pursuant to the parties' lease. 
The September 1, 1994 lease that tenant attached to his motion for attorney's fees does [*2]not contain an attorney's fee provision. Therefore, tenant failed to
demonstrate his prima facie entitlement to recover attorney's fees in this proceeding (see
Flemming v Barnwell Nursing Home & Health Facilities, Inc., 15 NY3d 375 [2010]).
Consequently, there is no basis to reverse the order and grant tenant's motion. We reach no other
issue. 
Accordingly, the order is affirmed. 
TOUSSAINT, J.P., WESTON and ELLIOT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 26, 2021