Anello v Fiedler (2021 NY Slip Op 21333)

Anello v Fiedler

2021 NY Slip Op 21333 [73 Misc 3d 46]

Accepted for Miscellaneous Reports Publication

Supreme Court, Appellate Term, Second Department, 2d, 11th 
and 13th Judicial Districts

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, February 2, 2022

[*1]

Joseph Anello, Respondent,
v
Paul Fiedler, Appellant, et al., Undertenants.

Supreme Court, Appellate Term, Second Department, 2d, 11th and 13th Judicial Districts, November 26, 2021

APPEARANCES OF COUNSEL

William E. Leavitt for appellant.
Stern & Stern, Esqs. (David Stern and Pamela Smith of counsel) for respondent.

{**73 Misc 3d at 47} OPINION OF THE COURT

Memorandum.

Ordered that the order, insofar as appealed from, is affirmed, without costs.
In February 2018, landlord commenced this owner's use holdover proceeding to recover possession of tenant's rent-stabilized apartment for his son's use. The petition alleges that the lease expired on August 31, 2017, pursuant to a notice of nonrenewal and that tenant continued in possession of the premises without permission of the landlord. In or about April 2018, tenant moved to dismiss the petition on the ground that the predicate notice was "stale." By order dated May 22, 2018, the Civil Court (Kenneth T. Barany, J.) denied tenant's motion. Tenant appealed that order; by decision and order dated August 10, 2018, this court denied tenant's motion to stay all proceedings pending the determination of the appeal; and the appeal was dismissed for failure to perfect by decision and order dated February 19, 2019. In August 2018, after the denial of his motion for a stay, tenant filed an answer, interposing three affirmative defenses—that tenant was not properly served with a predicate notice, that landlord had acted in bad faith, and that landlord [*2]had breached the implied warranty of habitability—and a counterclaim for attorney's fees. In September 2018, tenant moved to conduct discovery, which motion was resolved by a so-ordered stipulation dated October 5, 2018, which granted limited discovery and provided that the proceeding would be "marked off calendar pending discovery."
{**73 Misc 3d at 48}In April 2019, landlord moved to voluntarily discontinue the proceeding without prejudice (see CPLR 3217 [b]). Landlord alleged that, after the proceeding was marked off calendar in October, tenant had "delayed taking [landlord's] deposition under the pretext of scheduling issues." In late March 2019, landlord was informed by tenant's counsel that tenant would turn 62 years old in approximately five days, and, on April 3, 2019, tenant produced his birth certificate. Landlord asserted in support of his motion that tenant would now be considered a senior citizen as defined under Rent Stabilization Code (RSC) (9 NYCRR) § 2520.6 (p) and that landlord would not be able to provide tenant with equivalent or superior housing as required by RSC § 2524.4 (a) (2) in order to recover possession in this owner's use proceeding. Tenant cross-moved to, among other things, recover attorney's fees. By order dated July 5, 2019, the Civil Court granted landlord's motion to discontinue the proceeding without prejudice and denied tenant's cross motion in its entirety. As limited by his brief, tenant appeals from so much of the order as denied the branch of his cross motion seeking attorney's fees, arguing that he is entitled to such fees pursuant to CPLR 3217 (b) and the lease agreement.
CPLR 3217 (b) provides that, with limited exceptions not applicable here, "an action shall not be discontinued by a party asserting a claim except upon order of the court and upon terms and conditions, as the court deems proper." "The determination of whether to award an attorney's fee as a condition of granting a voluntary discontinuance is a matter left to the sound discretion of the court" (DKR Mtge. Asset Trust 1 v Rivera, 130 AD3d 774, 776 [2015]; see Terrace Hotel Co. v State of New York, 19 NY2d 526, 532 [1967]; New York Downtown Hosp. v Terry, 80 AD3d 493, 494 [2011]). Here, the Civil Court found that landlord commenced and prosecuted this proceeding in a timely and reasonable manner, did not cause any undue delay or unnecessary cost to tenant, and behaved in a cost-effective manner limiting the attorney's fees incurred by both parties. The court further found that the extensive fees allegedly incurred by tenant were due to his own litigation strategy and that tenant failed to show that he was prejudiced by landlord's filing of the motion to discontinue as soon as landlord became aware that an additional requirement to his cause of action based upon tenant's age had ripened and that landlord could not comply with it. As the court's findings are supported by the record, we find that the court did not improvidently exercise its{**73 Misc 3d at 49} discretion in declining to award tenant attorney's fees as a condition of granting the discontinuance of the proceeding (see DKR Mtge. Asset Trust 1 v Rivera, 130 AD3d at 776; Columbus 95th St. LLC v Greenidge-Joiner, 36 Misc 3d 136[A], 2012 NY Slip Op 51368[U] [App Term, 1st Dept 2012]; cf. American Tr. Ins. Co. v Roberson, 114 AD3d 821, 821-822 [2014]; Walden-Bailey Chiropractic v Erie Ins. Co., 50 Misc 3d 51, 53-54 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; Wilton Estates, Inc. v Quinn, 25 Misc 3d 138[A], 2009 NY Slip Op 52351[U] [App Term, 1st Dept 2009]).
[*3]
The lease agreement relied upon by tenant[FN*] for the term commencing August 1, 2005, and ending on July 31, 2007, provides, as pertinent here, that "[t]he successful party in a legal action or proceeding between Landlord and Tenant for non-payment of rent or recovery of possession of the Apartment may recover reasonable legal fees and costs from the other party." Assuming, without deciding, that this was the agreement in effect between the parties, we do not, under the circumstances of this case, find tenant to be a prevailing party. The "determination [of whether any party is the prevailing party] requires an initial consideration of the true scope of the dispute litigated, followed by a comparison of what was achieved within that scope" (Excelsior 57th Corp. v Winters, 227 AD2d 146, 147 [1996]; see DKR Mtge. Asset Trust 1 v Rivera, 130 AD3d at 776). Here, landlord sought to recover the apartment for his own use, in accordance with the law in effect at the time; tenant answered six months later and interposed three affirmative defenses without alleging that he would turn 62 in approximately six months; and landlord moved to discontinue the proceeding immediately upon learning that tenant had turned 62 and realizing that landlord was not then able to provide tenant with equivalent or superior housing as his age necessitated. Here, the "true scope" (Excelsior 57th Corp. v Winters, 227 AD2d at 147) of the dispute that was litigated for more than a year was landlord's right to possession based on his claim that he needed the apartment for his son's use, and tenant did not successfully defeat or rebut that allegation. Rather, due merely to the passage of time after the commencement of the proceeding—more than a year—a new {**73 Misc 3d at 50}requirement was created with which landlord recognized he could not comply. Under these particular circumstances, we find that tenant did not achieve prevailing party status.
In any event, the imposition of attorney's fees upon landlord would be "manifestly unfair" under the circumstances presented (Wells v East 10th St. Assoc., 205 AD2d 431, 432 [1994]; see Kralik v 239 E. 79th St. Owners Corp., 93 AD3d 569, 570 [2012]; Solow Mgt. Corp. v Lowe, 1 AD3d 135, 136 [2003]; Jacreg Realty Corp. v Barnes, 284 AD2d 280, 280 [2001]). Landlord commenced this proceeding in good faith and prosecuted it in a reasonable and cost-effective manner. Tenant, on the other hand, unsuccessfully moved to dismiss the petition and abandoned his appeal from the order denying the motion. He then successfully moved for leave to conduct discovery in this owner's use holdover proceeding but, in the approximately six months between the date of the so-ordered stipulation that permitted discovery and his 62nd birthday, failed to conduct the deposition he was granted (see East Midtown Plaza Hous. Co. v Cannings, 14 Misc 3d 127[A], 2006 NY Slip Op 52481[U], *1 [App Term, 1st Dept 2006] [finding that an award of attorney's fees to the landlord, the prevailing party, would be "manifestly unfair" because its conduct had caused substantial delay and expense]). As the Civil Court aptly put it, landlord should not be penalized for choosing to discontinue the proceeding immediately upon becoming aware, one week before tenant turned 62, that the affirmative defense based upon tenant's age had [*4]ripened and would be interposed.
Accordingly, the order, insofar as appealed from, is affirmed.

Toussaint, J. (dissenting and voting to reverse the order, insofar as appealed from, grant the branch of tenant's cross motion seeking attorney's fees, and remit the matter to the Civil Court for a hearing on the amount of attorney's fees due tenant in the following memorandum). Landlord previously brought an identical owner's use holdover proceeding, seeking to evict tenant from the rent-stabilized apartment in which he has resided for over 25 years. That proceeding was dismissed due to lack of personal jurisdiction. Thereafter, landlord commenced the instant holdover proceeding. In an attempt to maintain his tenancy of over 25 years, tenant filed an answer, which included three affirmative defenses, and a counterclaim for attorney's fees. Tenant moved to dismiss this proceeding and sought court approval to conduct discovery.
Months later, upon being advised that the respondent would{**73 Misc 3d at 51} soon be turning 62, landlord moved to discontinue the action, without prejudice, contending that he was recently advised of tenant's age and that he did not know of a substantially similar unit to which Mr. Fiedler could relocate. The Civil Court erred in granting the motion to discontinue this action, without prejudice, and specifically in denying tenant's request to condition the discontinuance upon the payment of attorney's fees.
Real Property Law § 234 (1) states:
"Whenever a lease of residential property shall provide that in any action or summary proceeding the landlord may recover attorneys' fees and/or expenses incurred as the result of the failure of the tenant to perform any covenant or agreement contained in such lease, or that amounts paid by the landlord therefor shall be paid by the tenant as additional rent, there shall be implied in such lease a covenant by the landlord to pay to the tenant the reasonable attorneys' fees and/or expenses incurred by the tenant as the result of the failure of the landlord to perform any covenant or agreement on its part to be performed under the lease or in the successful defense of any action or summary proceeding commenced by the landlord against the tenant arising out of the lease."
The lease agreement between the parties contained a provision entitled "Legal Fees" which provided:"The successful party in a legal action or proceeding between the Landlord and Tenant for non-payment of rent or recovery of possession of the Apartment may recover reasonable [*5]legal fees and costs from the other party." Although there was no substantive determination on the merits, in the case at bar, a landlord or tenant is entitled to attorney's fees when it can be said that either the landlord or the tenant is the prevailing party in a controversy which reaches an ultimate outcome (see Elkins v Cinera Realty, 61 AD2d 828 [1978]). "A controversy reaches an 'ultimate outcome' when a court disposes of the action on the merits, or when it becomes clear that the action, although not disposed of on the merits, cannot or will not be commenced again on the same grounds" (Roxborough Apt. Corp. v Becker, 177 Misc 2d 408, 410 [Civ Ct, Kings County 1998], citing Centennial Restorations Co. v Wyatt, 248 AD2d 193, 197 [1998]). The notice of nonrenewal in this 2018 action was dated April 8, 2017. Landlord cannot rely on this notice for another holdover proceeding (see Matter of Nicolaides v State of New York Div. of Hous. & Community Renewal, 231 AD2d 723 [1996]), and cannot{**73 Misc 3d at 52} provide tenant with a substantially equivalent apartment (see Rent Stabilization Code [9 NYCRR] § 2524.4 [a] [2]). Therefore, this proceeding has reached its ultimate outcome and tenant is the prevailing party.
"A motion to discontinue should not be granted where discontinuance is being sought in an apparent attempt to avoid the consequences of a potentially adverse determination" (Matter of Yonkers Firefighters v City of Yonkers, 165 AD3d 816, 817 [2018]). Here, the motion to discontinue was filed after the landlord was advised that tenant would be turning 62. Knowing that he would not be able to provide the now senior-citizen tenant with a substantially similar unit, landlord moved to discontinue the proceeding in an effort to avoid an adverse ruling.
CPLR 3217 (b) provides that an action shall not be discontinued by a party asserting a claim except upon order of the court and upon terms and conditions, as the court deems proper. The majority and the Civil Court penalize tenant based on the manner in which he defended both the preceding and the instant actions and the amount of attorney's fees requested, rather than determining, first, whether or not he is entitled to attorney's fees. Regardless of whether landlord "commenced and prosecuted this case in a timely and reasonable manner" as held by the Civil Court, the fact remains that tenant was entitled to defend himself in an effort to retain his home. Further, as tenant was the prevailing party, he is entitled to legal fees pursuant to both the lease and Real Property Law § 234. Therefore, any discontinuance should have been conditioned on the payment of tenant's attorney's fees, to be determined at a subsequent hearing (see Raab v Kyner, 4 Misc 3d 132[A], 2004 NY Slip Op 50710[U] [App Term, 1st Dept 2004]).
Accordingly, I dissent and vote to reverse the order, insofar as appealed from, grant the branch of tenant's cross motion seeking attorney's fees, and remit the matter to the Civil Court for a hearing on the amount of attorney's fees due tenant.
Aliotta, P.J., and Elliot, J., concur; Toussaint, J., dissents in a separate memorandum.

Footnotes

Footnote *:Landlord does not argue that this was not the lease in effect between the parties. In a related case, Anello v Fiedler (73 Misc 3d 139[A], 2021 NY Slip Op 51168[U] [2021] [appeal No. 2020-740 K C, decided herewith]), tenant relies on a September 1, 1994 lease.