National Interstate Ins. Co. v Interstate Indem. Co. (2023 NY Slip Op 02182)

National Interstate Ins. Co. v Interstate Indem. Co.

2023 NY Slip Op 02182

Decided on April 27, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 27, 2023

Before: Webber, J.P., Moulton, Scarpulla, Mendez, Rodriguez, JJ. 

Index No. 650451/15 Appeal No. 137 Case No. 2022-01573 

[*1]National Interstate Insurance Company et al., Plaintiffs-Appellants-Respondents,
v
Interstate Indemnity Company, Defendant-Respondent-Appellant, 1690 Broadway Concrete Corp. Doing Business as Broadway Concrete et al., Defendants.

Hurwitz Fine P.C., Buffalo (Brian D. Barnas of counsel), for appellants-respondents.
Tressler LLP, New York (Kiera Fitzpatrick of counsel), and Tressler LLP, Morristown, NJ (Timothy M. Jabbour of the bar of the State of New Jersey, admitted pro hac vice, of counsel), for respondent-appellant.

Order, Supreme Court, New York County (Erika Edwards, J.), entered on or about October 7, 2021, which denied plaintiffs' and defendant's motions for summary judgment, unanimously affirmed, without costs.
In this declaratory judgment action, plaintiffs National Interstate Insurance Company and New York Crane & Equipment Corporation (NY Crane) seek an order declaring that NY Crane is entitled to a defense and indemnification in an underlying action, as an additional insured on a policy issued by defendant Interstate Indemnity Company to 1690 Broadway Concrete Corp. Interstate disclaimed coverage, on the basis that NY Crane failed to provide timely notice to Interstate.
The court properly denied both motions for summary judgment. Where, as here, an insurance policy requires that the insured provide notice as soon as practicable, such notice must be provided within a reasonable time under all the circumstances of the case (see Great Canal Realty Corp. v Seneca Ins. C0., Inc., 5 NY3d 742, 743 [2005]; 24 Fifth Owners, Inc. v Sirius Am. Ins. Co., 124 AD3d 551, 551 [1st Dept 2015]). Although reasonableness may be assessed by the court in the absence of any excuse for the delay or mitigating factors (see Jenkins v Burgos, 99 AD2d 217, 220 [1st Dept 1984]), the question of reasonableness is normally a factual issue for a jury (24 Fifth Owners at 551).
While the delay in providing notice in this case was lengthy, the record raises issues of fact as to when plaintiffs, with due diligence, should have known that Interstate was Broadway Concrete's insurance carrier, and whether they gave notice to Interstate as soon as reasonably proper under the circumstances (see U.S. Underwriters Ins. Co. v Carson, 49 AD3d 1061, 1064 [3d Dept 2008]; GA Ins. Co. of N.Y. v Simmes, 270 AD2d 664, 666-667 [3d Dept 2000]; see also Wausau Ins. Cos. v Feldman, 213 AD2d 179,181 [1st Dept 1995]; Hartford Acc. & Indem. Co. v CNA Ins. Cos., 99 AD2d 310, 313-314 [1st Dept 1984]). Contrary to Interstate's contention, the record is insufficient to establish that plaintiffs, who possessed a certificate of insurance listing a previous policy issued by Interstate to Broadway Concrete, had sufficient information prior to April 2014 to identify Interstate as Broadway Concrete's liability insurer (cf. Lafarge Bldg. Materials Inc. v Harleysville Ins. Co. of N.Y., 166 AD3d 1116, 1118-1119 [3d Dept 2018]), or that plaintiffs otherwise failed to act diligently in providing notice. Moreover, plaintiffs did not establish, as a matter of law, that they provided notice within a reasonable time (see generally Lumbermens Mut. Ins. Co. of Kemper Group of Ins. Cos. v Lumber Mut. Ins. Co., 148 AD2d 328, 330 [1st Dept 1989]), or that they acted diligently in ascertaining the identity of Broadway Concrete's liability insurer.
While the protections of Insurance Law § 3420(d) may be inapplicable to an insurer's claim for reimbursement against another insurer, plaintiffs demonstrated that defendant failed [*2]to give timely written notice of its disclaimer, based on the wrap-up exclusion, to plaintiff additional insured, NY Crane (see Insurance Law § 3420[d]; AVR-Powell C Dev. Corp. v Utica First Ins. Co., 174 AD3d 772, 774 [2d Dept 2019]; Admiral Ins. Co. v State Farm Fire & Cas. Co., 86 AD3d 486, 488-489 [1st Dept 2011]). We decline to consider defendant's argument that NY Crane's primary insurer is actually the sole real party in interest, such that Insurance Law § 3420(d) would be inapplicable (see Greater N.Y. Mut. Ins. Co. v Chubb Indem. Ins. Co., 105 AD3d 523 [1st Dept 2013]), as this argument presents factual issues that were not submitted to the motion court (see Mable v 384 E. Assoc., LLC, 175 AD3d 1127, 1129 [1st Dept 2019]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 27, 2023