49 E. Owners Corp. v 825 Broadway Realty, LLC (2024 NY Slip Op 00796)

49 E. Owners Corp. v 825 Broadway Realty, LLC

2024 NY Slip Op 00796

Decided on February 15, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 15, 2024

Before: Moulton, J.P., Friedman, Gesmer, Mendez, Rodriguez, JJ. 

Index No. 650338/22 Appeal No. 1677 Case No. 2023-01988 

[*1]49 East Owners Corp., Plaintiff-Appellant,
v
825 Broadway Realty, LLC, et al., Defendants-Respondents.

Colbert Law, New York (Ripal J. Gajjar of counsel), for appellant.
Horing Welikson Rosen & Digrugilliers, P.C., Williston Park (Brian W. Shaw of counsel), for respondents.

Order, Supreme Court, New York County (Lyle E. Frank, J), entered April 7, 2023, which, to the extent appealed from as limited by the briefs, upon reargument, denied plaintiff's motion for summary judgment awarding it attorneys' fees and dismissing defendants' first and third counterclaims for breach of contract and declaratory and injunctive relief, unanimously affirmed, without costs.
The court properly determined that plaintiff cooperative owner did not establish its right to recover attorneys' fees from defendants under the commercial proprietary lease. Only a prevailing party is entitled to attorneys' fees, including in the context of lease disputes, and to "prevail," the party seeking attorneys' fees must be successful on the "central relief sought" (Nestor v McDowell, 81 NY2d 410, 415-416 [1993]). This "determination requires an initial consideration of the true scope of the dispute litigated, followed by a comparison of what was achieved within that scope" (Excelsior 57th Corp. v Winters, 227 AD2d 146, 146-147 [1st Dept 1996]). Where the outcome of litigation is mixed and the relief awarded is not substantially favorable to either party, neither party can claim to be the prevailing party (see Pelli v Connors, 7 AD3d 464 [1st Dept 2004]). Here, the "true scope" of the dispute includes both plaintiff's claim to recover past due maintenance and defendants' breach of contract and negligence counterclaims which seek to recover substantial damages resulting from plaintiff's alleged failure to address and repair the condition causing the foul odors affecting defendants' unit.
Although plaintiff established its entitlement to recover maintenance without setoff, defendants' potential recovery on their counterclaims could be substantially more than plaintiff's recovery at the conclusion of the action. Thus, plaintiff has not yet demonstrated that it is the prevailing party. Furthermore, plaintiff did not establish the reasonableness of the attorneys' fees claimed. Accordingly, the motion court correctly determined on reargument that the award of attorneys' fees was premature.
As to defendants' counterclaims, the fact that defendants breached the lease by failing to pay maintenance charges does not preclude them from asserting independent counterclaims for breach of contract, pursuant to paragraphs 2 and 3 of the lease, arising from conditions at the premises (see Andreas v 186 Tenants Corp., 208 AD3d 406, 407-408 [1st Dept 2022]). Moreover, defendants may pursue declaratory and injunctive relief since money damages may be insufficient to address the alleged ongoing, potentially hazardous condition at the premises, which defendants still own,
should the condition need to be remedied by plaintiff (see 301 E. 60th St. LLC v Competitive Solutions LLC, 217 AD3d 79, 85 [1st Dept 2023]). Plaintiff did not submit evidence that would warrant grant of summary judgment dismissing the counterclaims. Thus, on reargument the court properly reinstated the counterclaims[*2].
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 15, 2024