Meissner v Ridge Constr. Corp. (2024 NY Slip Op 01445)

Meissner v Ridge Constr. Corp.

2024 NY Slip Op 01445

Decided on March 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, OGDEN, GREENWOOD, AND DELCONTE, JJ.

869 CA 22-01590

[*1]JILL G. MEISSNER, AS THE EXECUTOR OF THE ESTATE OF WAYNE W. MEISSNER, DECEASED, AND INDIVIDUALLY, PLAINTIFF-RESPONDENT,
v
RIDGE CONSTRUCTION CORPORATION, ET AL., DEFENDANTS, AND CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 

GOLDBERG SEGALLA LLP, BUFFALO (MEGHAN M. BROWN OF COUNSEL), AND MENDES & MOUNT LLP, NEW YORK CITY, FOR DEFENDANT-APPELLANT.
LIPSITZ, PONTERIO & COMERFORD, LLC, BUFFALO (JOHN N. LIPSITZ OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (John J. Ark, J.), entered September 2, 2022. The judgment awarded plaintiff money damages against defendant Certain Underwriters at Lloyd's, London. 
It is hereby ORDERED that the judgment so appealed from is unanimously vacated without costs, the order entered July 18, 2022 is modified on the law by denying plaintiff's motion and renewed motion, and as modified the order is affirmed.
Memorandum: Wayne W. Meissner (decedent) and his wife, plaintiff Jill G. Meissner (collectively, Meissners), commenced this Insurance Law § 3420 and declaratory judgment action seeking coverage from defendant Certain Underwriters at Lloyd's, London (defendant), the excess carrier for defendant Ridge Construction Corporation (Ridge Construction), for damages awarded following a toxic tort action against Ridge Construction relating to decedent's exposure to asbestos and subsequent development of mesothelioma (underlying action). Defendant now appeals, in appeal No. 1, from a judgment awarding the Meissners $3,913,172.57, plus interest. Defendant also appeals, in appeal No. 2, from an intermediate order addressing various motions of the Meissners and cross-motions and motions of defendant.
In the underlying action, the Meissners sued, among others, Ridge Construction, a dissolved subsidiary of decedent's employer, Eastman Kodak Company, that installed asbestos-containing fireproofing insulation in decedent's workplace in 1970-1971. The Meissners alleged that decedent was exposed to the asbestos during the installation and then through the late 1970s. During discovery, the Meissners' counsel demanded information concerning Ridge Construction's insurance coverage for the relevant period, and was initially advised that the only coverage available with respect to each of the pertinent years was a $1 million policy issued by Lumbermens Mutual Casualty Company (Lumbermens) that had been cancelled pursuant to an order of liquidation with a finding of insolvency. Subsequently, counsel for Ridge Construction disclosed three excess policies issued by defendant that were in place during the relevant period: a $1 million policy, a $4 million policy above that, and a $25 million policy above that. Sixty-three days after disclosure of the existence of the excess policies, the Meissners' counsel was further advised by Ridge Construction's counsel that defendant may not have been given notice of the claim. Five days later, the Meissners' counsel sent a letter to defendant's counsel providing notice of the claim. In response, defendant's counsel and third-party administrator each wrote to the Meissners' counsel disclaiming coverage on the grounds of, inter alia, late [*2]notice. The underlying action proceeded to trial without defendant's involvement and the Meissners were awarded a judgment, upon a jury verdict, of $6,440,007.98, plus interest, against Ridge Construction. The Meissners served the judgment on defendant and demanded payment pursuant to Insurance Law § 3420, which defendant refused.
The Meissners then commenced the instant action, seeking, inter alia, an award of damages against defendant in the full amount of the judgment in the underlying action and a declaration that defendant was liable to pay the same. Subsequently, the Meissners moved, in effect, for summary judgment on the complaint, by seeking a declaration that defendant "must cover Ridge Construction[ ]'s liability for asbestos exposure during the[ excess] policy periods, and [is] subject to all sums/vertical exhaustion allocation with respect to insurance coverage for the underlying judgment at issue." Defendant cross-moved for summary judgment dismissing the complaint based on late notice. The motions were held while the parties engaged in discovery, and were subsequently renewed, at which time defendant filed a new motion for summary judgment dismissing the complaint on additional grounds, including that the Meissners had failed to establish a covered "occurrence" with respect to their claims and had failed to establish exhaustion of the underlying policies. Supreme Court then directed a limited hearing with expert witness testimony on certain issues that had been raised in the motion papers. Following the hearing, defendant moved for a directed verdict. The court, in effect, granted the Meissners' motion and renewed motion for summary judgment on the complaint, awarded the Meissners damages against defendant in the amount of $3,913,172.57, plus interest, declared that defendant was liable to pay that amount, plus interest, and denied defendant's motions and cross-motion to the extent inconsistent with its order. The court subsequently issued a judgment.
As a preliminary matter, we conclude that the appeal from the order in appeal No. 2 must be dismissed inasmuch as that intermediate order is subsumed in the final judgment in appeal No. 1. The appeal from the judgment brings up for review the propriety of the order in appeal No. 2 (see Matter of Aho, 39 NY2d 241, 248 [1976]; see also CPLR 5501 [a] [1]).
With respect to appeal No. 1, we note that the role of the court was limited to determining the motions for summary judgment pending before it, and thus there was no basis to schedule a hearing because "it is not the function of the court to determine what could have or should have been provided to raise a triable issue of fact," but, rather, merely "to determine whether what has been provided is sufficient to raise a triable issue of fact" (Stache Invs. Corp. v Ciolek, 174 AD3d 1393, 1395-1396 [4th Dept 2019]). Moreover, to the extent that the court considered defendant's motion for a directed verdict, there was no basis to do so, inasmuch as a trial was not held in this action (see CPLR 4401). In short, "[i]ssue finding rather than issue determination is the function of the court on a motion for summary judgment" (Stache Invs. Corp., 174 AD3d at 1395), and we conclude that the applicable standard of review here is that of a summary judgment motion (see generally Zuckerman v City of New York, 49 NY2d 557, 562-563 [1980]).
Regarding the merits, contrary to defendant's contention, the court did not err in determining as a matter of law that the primary policy issued by Lumbermens had been exhausted. We agree with the court that the proper method of allocation for the primary policy was the "joint and several" or "all sums" approach, inasmuch as defendant's excess policies contained non-cumulation clauses, which are consistent with utilizing that approach, as opposed to the "pro rata" method of allocation for underlying policies (see Matter of Viking Pump, Inc., 27 NY3d 244, 260-264 [2016]; Carrier Corp. v Allstate Ins. Co., 187 AD3d 1616, 1621 [4th Dept 2020]). An all sums allocation permits an insured "to collect its total liability . . . under any policy in effect during the periods that the damage occurred" (Roman Catholic Diocese of Brooklyn v National Union Fire Ins. Co. of Pittsburgh, Pa., 21 NY3d 139, 154 [2013] [internal quotation marks omitted]; see Consolidated Edison Co. of N.Y. v Allstate Ins. Co., 98 NY2d 208, 222 [2002]). Utilizing the all sums approach, the $1 million primary policy issued by Lumbermens was exhausted by means of the $1 million credit against the underlying judgment extended by the Meissners (see Carrier Corp., 187 AD3d at 1621-1622).
Contrary to defendant's further contention, the court also did not err in determining as a matter of law that the damages awarded in the underlying judgment arise out of a covered occurrence. Recovery is not barred by the language in the excess policies limiting a covered "occurrence" to that "which unexpectedly and unintentionally results in personal injury." Such a provision bars recovery "only when the insured intended the damages," because "[r]esulting [*3]damage can be unintended even though the act leading to the damage was intentional" (Continental Cas. Co. v Rapid-American Corp., 80 NY2d 640, 649 [1993]; see Mapfre Ins. Co. of N.Y. v Ferrall, 214 AD3d 635, 636-637 [2d Dept 2023]). Here, the court properly concluded as a matter of law that Ridge Construction did not intend to cause decedent to contract mesothelioma.
However, we agree with defendant that the court erred in granting the Meissners' motion and renewed motion for summary judgment on the complaint, and we therefore modify the order in appeal No. 2 accordingly. As defendant contends in the alternative, the motion papers submitted by the parties raise a triable issue of fact whether defendant was provided with timely notice of the Meissners' claim. Insurance Law § 3420 (a) (3) gives an injured plaintiff the right to provide written notice of a claim directly to a tortfeasor's insurer. The injured plaintiff who exercises that "independent right" to provide notice "has the burden of proving that [the plaintiff or the plaintiff's counsel], acted diligently in attempting to ascertain the identity of the insurer, and thereafter expeditiously notified the insurer" (Szczukowski v Progressive Northeastern Ins. Co., 100 AD3d 1454, 1455 [4th Dept 2012] [internal quotation marks omitted]). Where, as here, the policy requires notice to be sent "as soon as practicable," notice must be provided to the insurer "within a reasonable period of time" (Great Canal Realty Corp. v Seneca Ins. Co., Inc., 5 NY3d 742, 743 [2005]; see also Wraight v Exchange Ins. Co., 234 AD2d 916, 917 [4th Dept 1996], lv denied 89 NY2d 813 [1997]).
Defendant contends that the Meissners' delay of 68 days—from when they were first informed that Ridge Construction had excess insurance policies issued by defendant to the date that the Meissners' counsel wrote to provide defendant notice of the claim—was unreasonable as a matter of law. In response, plaintiff asserts that the delay was reasonable because the Meissners were not aware for the first 63 of those days that Ridge Construction had failed to provide defendant with notice. "The reasonableness of the delay in giving notice is ordinarily a question for the fact-finder" (James v Allstate Ins. Co., 177 AD2d 998, 999 [4th Dept 1991]; see also National Interstate Ins. Co. v Interstate Indem. Co., 215 AD3d 593, 594 [1st Dept 2023]). Here, although the court properly rejected defendant's contention that the delay was unreasonable as a matter of law, the court erred inasmuch as it made findings of fact as to the reasonableness of the delay (see generally Vega v Restani Constr. Corp., 18 NY3d 499, 505 [2012]).
We also agree with defendant that the motion papers submitted by the parties raise a triable issue of fact whether decedent suffered an injury-in-fact during the period of time that defendant's excess policies were in effect and that the court therefore erred in granting the Meissners' motion and renewed motion for summary judgment on that basis. We note that "[t]he parties do not dispute that the applicable test in determining what event constitutes personal injury sufficient to trigger coverage is injury-in-fact, 'which rests on when the injury, sickness, disease or disability actually began' " (Carrier Corp., 187 AD3d at 1618-1619, quoting Continental Cas. Co., 80 NY2d at 651). The parties do, however, "dispute when an asbestos-related injury actually begins: plaintiff[ ] assert[s] that injury-in-fact occurs upon first exposure to asbestos, while defendant denies that assertion and instead maintains that injury-in-fact occurs only when a threshold level of asbestos fiber or particle burden is reached that overtakes the body's defense mechanisms" (id. at 1619). Inasmuch as the parties here submitted conflicting expert opinions as to when the injury-in-fact occurs in an asbestos-related injury, summary judgment on that basis was not proper (see id. at 1619-1620; see also Rew v County of Niagara, 115 AD3d 1316, 1318 [4th Dept 2014]).
Entered: March 15, 2024
Ann Dillon Flynn
Clerk of the Court