Matter of Aryeh Realty Corp. v 18 E. 69th St Tenant, LLC (2025 NY Slip Op 06783)

Matter of Aryeh Realty Corp. v 18 E. 69th St Tenant, LLC

2025 NY Slip Op 06783

Decided on December 04, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 04, 2024

Before: Webber, J.P., Kennedy, González, Higgitt, Michael, JJ. 

Index No. 570353/24|Appeal No. 5229|Case No. 2025-01286|

[*1]In the Matter of Aryeh Realty Corp., Petitioner-Appellant,
v
18 E. 69th St Tenant, LLC Also Known as 18 East 69th Street Tenant, LLC et al., Respondents-Respondents, "XYZ Corporation," Respondent.

Kucker Marino Winiarsky & Bittens, LLP, New York (James E. Schwartz of counsel) for appellant.
Dentons US LLP, New York (Ned H. Bassen of counsel) for respondents.

Order of the Appellate Term, Supreme Court, First Department, entered on or about October 25, 2024, which affirmed a judgment of the Civil Court, New York County (Aija Tingling, J.), entered November 13, 2023, unanimously modified, on the law, to remand for further proceedings in accordance with this decision, and otherwise affirmed, without costs.
The Appellate Term correctly found that Civil Court's finding that the parties orally agreed to a modification of the monthly rent was supported by the record. That finding "rest[ed] in large measure on considerations relating to the credibility of witnesses" (Thoreson v Penthouse Intl., 80 NY2d 490, 495 [1992] [internal quotation marks omitted]). We agree with the Appellate Term that Civil Court properly found that the parties orally agreed that petitioner landlord would reduce the rent by $15,000 per month, and that, although such a reduction was not compatible with the lease as written, there was performance confirming the modification that was unequivocally referable to the oral modification (see Paramount Leasehold, L.P. v 43rd St. Deli, Inc., 136 AD3d 563, 568 [1st Dept 2016], lv denied and dismissed 28 NY3d 1024 [2016]). We decline to consider landlord's argument related to consideration for the rent reduction, since it was not presented to Civil Court (see National Interstate Ins. Co. v Interstate Indem. Co., 215 AD3d 593, 595 [1st Dept 2023]; Twitchell Tech. Prods. v Mechoshade Sys., LLC, 227 AD3d 45, 55-56 [2d Dept 2024]). For similar reasons, we decline to consider landlord's argument that tenant did not detrimentally rely on the oral modification.
Determining whether a party has "prevailed" for purposes of recovering its attorneys' fees "requires an initial consideration of the true scope of the dispute litigated, followed by a comparison of what was achieved within that scope" (Excelsior 57th Corp. v Winters, 227 AD2d 146, 147 [1st Dept 1996]). The Appellate Term properly found that Civil Court correctly concluded that the central issue in this proceeding, was whether the lease was orally modified to afford tenant a rent reduction. Petitioner did not prevail and is therefore not entitled to recover attorneys' fees (see Matter of Wiederhorn v Merkin, 98 AD3d 859, 863 [1st Dept 2012], lv denied 20 NY3d 855 [2012]).
While we agree that the record supports the finding that there was a valid oral modification of the lease agreement, we agree with petitioner that Civil Court failed to make a determination as to the extent to which the admitted breach of Article 45 of the lease agreement affects any monies owed petitioner. Therefore, we remand for further determination of this issue.
We have considered petitioner's remaining arguments and find them to be unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 4, 2024