Matter of Aryeh Realty Corp. v 18 E. 69th St Tenant, LLC (2026 NY Slip Op 01005)

Matter of Aryeh Realty Corp. v 18 E. 69th St Tenant, LLC

2026 NY Slip Op 01005

Decided on February 24, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 24, 2026

Before: Webber, J.P., Kennedy, González, Higgitt, Michael, JJ. 

Index No. 570353/24|Appeal No. 5229|Case No. 2025-01286|

[*1]In the Matter of Aryeh Realty Corp., Petitioner-Appellant,
v18 E. 69th St Tenant, LLC Also Known as 18 East 69th Street Tenant, LLC et al., Respondents-Respondents, "XYZ Corporation," Respondent.

Kucker Marino Winiarsky & Bittens, LLP, New York (James E. Schwartz of counsel) for appellant.
Dentons US LLP, New York (Ned H. Bassen of counsel) for respondents.

Order of the Appellate Term, Supreme Court, First Department, entered on or about October 25, 2024, which affirmed a judgment of the Civil Court, New York County (Aija Tingling, J.), entered November 13, 2023, unanimously affirmed, without costs.
The Appellate Term correctly found that Civil Court's finding that the parties orally agreed to a modification of the monthly rent was supported by the record. That finding "rest[ed] in large measure on considerations relating to the credibility of witnesses" (Thoreson v Penthouse Intl., 80 NY2d 490, 495 [1992] [internal quotation marks omitted]). We agree with the Appellate Term that Civil Court properly found that the parties orally agreed that petitioner landlord would reduce the rent by $15,000 per month, and that, although such a reduction was not compatible with the lease as written, there was performance confirming the modification that was unequivocally referable to the oral modification (see Paramount Leasehold, L.P. v 43rd St. Deli, Inc., 136 AD3d 563, 568 [1st Dept 2016], lv denied and dismissed 28 NY3d 1024 [2016]). We decline to consider landlord's argument related to consideration for the rent reduction, since it was not presented to Civil Court (see National Interstate Ins. Co. v Interstate Indem. Co., 215 AD3d 593, 595 [1st Dept 2023]; Twitchell Tech. Prods. v Mechoshade Sys., LLC, 227 AD3d 45, 55-56 [2d Dept 2024]). For similar reasons, we decline to consider landlord's argument that tenant did not detrimentally rely on the oral modification.
Determining whether a party has "prevailed" for purposes of recovering its attorneys' fees "requires an initial consideration of the true scope of the dispute
litigated, followed by a comparison of what was achieved within that scope" (Excelsior 57th Corp. v Winters, 227 AD2d 146, 147 [1st Dept 1996]). The Appellate Term properly found that Civil Court correctly concluded that the central issue in this proceeding, was whether the lease was orally modified to afford tenant a rent reduction. Petitioner did not prevail and is therefore not entitled to recover attorneys' fees (see Matter of Wiederhorn v Merkin, 98 AD3d 859, 863 [1st Dept 2012], lv denied 20 NY3d 855 [2012]).
Landlord failed to allege a violation of Article 45 of the lease in its petition, the May 2021 notice to cure or the November 2021 rent demand. Landlord first mentioned that it was seeking recoupment of the rent concession during its closing argument following trial.
We have considered petitioner's remaining arguments and find them to be unavailing.
The Decision and Order of this Court entered herein on December 4, 2025 (244 AD3d 448 [1st Dept 2025]) is hereby recalled and vacated (see M-6874 decided simultaneously herewith).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 24, 2026