■ SHARON GOLDEN, Appellant-Respondent, v MULTIGAS DISTRIBUTORS, LTD., et al., Defendants, and SALVATORE SAPONARO et al., Respondents-Appellants. (And a Third-Party Action.) [683 NYS2d 16] —Judgment, Supreme Court, New York County (Paula Omansky, J.), entered December 2, 1997, as amended April 2, 1998, after a nonjury trial, awarding plaintiff damages of $565,738.96 for breach of contract, together with prejudgment interest thereon from May 16, 1996 at the rate of 10%, plus costs, disbursements and postjudgment interest, unanimously modified, on the facts, to change the principal amount of damages to $1,153,271.35, and otherwise affirmed, without costs.

The trial court erred in awarding plaintiff damages in an

amount that reduced the future unpaid installments to present value as of the time of breach (August 1989) while awarding prejudgment interest thereon only from the time of trial (May 1996). The error appears to be attributable to a misunderstanding of plaintiffs' expert testimony as having calculated the present value of the unpaid installments as $565,738.96 as of the time of trial, when in fact that figure was the present value of the unpaid installments as of the time of the last payment in August 1989. Given the emphasis and quality of plaintiff's proofs on damages, and a finding by the trial court that plaintiff was entitled to accelerate future unpaid installments reduced to present value, from which defendants have not perfected their cross-appeals, we are satisfied that plaintiff is entitled to damages calculated as the sum of (1) the unpaid installments that fell due prior to the time of trial, together with interest thereon, or $804,494.22, and (2) the installments that would have fallen due after the time of trial had there been no breach, reduced to present value as of the time of trial, or $348,777.13. As for plaintiff's claim for attorneys' fees, there is no indication in the record that plaintiff made an application to the trial court for a determination of attorneys' fees recoverable under the parties' contract at any time prior to the entry of judgment, or that the trial court made any ruling precluding plaintiff from making such an application. The omission of a provision for attorneys' fees from the judgment is therefore not due to any error by the trial court, and we have no occasion to disturb it. We note that defendants have abandoned their cross appeals by failing to file briefs in support thereof. Concur— Tom, J. P., Mazzarelli, Andrias and Saxe, JJ.