■ BERNICE M. HOYTE, Appellant, v REUVEN J. EPSTEIN et al., Respondents. [784 NYS2d 613]—

In an action to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Rockland County (Weiner, J.), dated December 3, 2003, which granted the defendants' motion to dismiss the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

The plaintiff allegedly was injured in a collision between her vehicle and a bus owned by the New York City Transit Authority (hereinafter the NYCTA). She retained the defendants to represent her in a negligence action against the NYCTA. Although the plaintiff timely signed a notice of claim, the defendants failed to serve it within 90 days of the accident. Shortly before the statute of limitations was to expire, the defendants informed the plaintiff that they would no longer represent her. The plaintiff retained new counsel approximately two weeks before the statute of limitations expired. New counsel timely commenced an action to recover damages for personal injuries against, among others, the NYCTA. However, the action was dismissed for failure to serve a notice of claim. Consequently, the plaintiff commenced this action against the defendants to recover damages for legal malpractice. The Supreme Court granted the defendants' motion to dismiss the complaint on the ground that successor counsel could have moved for leave to serve a late notice of claim and, therefore, any negligence by the defendants was not a proximate cause of the damages alleged. We reverse.

Although the motion at bar was denominated by the defendants as one to dismiss the complaint pursuant to CPLR 3211 (a) (7), the arguments made were premised upon factual averments beyond those in the complaint. The defendants arguably charted a summary judgment course (see Nesenoff v Dinerstein & Lesser, 5 AD3d 746 [2004]). Alternatively, the submission and consideration of the factual material on the motion to dismiss required the court to determine whether the plaintiff had a cause of action, not just whether she stated one; that is, whether a material fact alleged by the plaintiff "is not a fact at all" and "no significant dispute exists regarding it" (Guggenheimer v

*Ginzburg,* 43 NY2d 268, 275 [1977]; *see Yew Prospect v Szulman,* 305 AD2d 588, 589 [2003]). Here, regardless of which standard is applied, the motion to dismiss the complaint should not have been granted.

In support of their motion, the defendants failed to establish a prima facie entitlement to judgment as a matter of law by proffering competent evidence in admissible form that a motion for leave to serve a late notice of claim, if made, would have been successful. The mere fact that such a motion could have been made is not determinative (*see McNamara v Tendy & Cantor,* 267 AD2d 362 [1999]). It cannot be said that no significant dispute exists as to whether the defendants' failure to have timely served the notice of claim was a proximate cause of the damages alleged. In an effort to supplement their contention, the defendants argued in their reply papers that the plaintiff would not have prevailed against the NYCTA in a negligence action because she did not sustain a serious injury within the meaning of Insurance Law § 5102 (b). In support of this assertion, the defendants submitted affirmed medical reports from three doctors. However, new matters raised for the first time in reply papers are not properly considered (*see Jackson-Cutler v Long,* 2 AD3d 590 [2003]; *Perre v Town of Poughkeepsie,* 300 AD2d 379 [2002]). Accordingly, on the record presented, dismissal of the complaint was improper. Ritter, J.P., Goldstein, Adams and Crane, JJ., concur.