■ PHYLLIS ALTO et al., Appellants, v FIREBAUGH REALTY CORPORATION, N.V., Respondent. [822 NYS2d 610]—

In an action to recover damages for personal injuries, the plaintiffs appeal from so much of an order of the Supreme Court, Nassau County (Mahon, J.), dated December 20, 2004, as granted the defendant's motion to stay an inquest, vacate pursuant to CPLR 317 an order granting the plaintiffs' motion for leave to enter a default judgment, and dismiss the action as time-barred.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the defendant's motion is denied.

The plaintiffs effected service upon the defendant, the owner of the building where the injuries allegedly occurred, pursuant to Business Corporation Law § 306 (b) by delivering two copies of the summons and verified complaint to the Secretary of State. The defendant did not answer, and the plaintiffs' motion for leave to enter a default judgment was granted. The defendant received notice of the inquest ordered upon the grant of that motion after the plaintiffs served the manager of the building. By affidavit of its certified public accountant, the defendant averred that it had not received the summons and complaint.

The court erred in granting that branch of the defendant's motion which was to vacate pursuant to CPLR 317 the order granting the plaintiffs' motion for leave to enter a default judgment (*cf. Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 141-142 [1986]). The motion was supported only by the assertions of the defendant's certified public accountant, who was without personal knowledge of the facts (*cf. Piltser v Donna Lee Mgt. Corp.*, 29 AD3d 973, 974 [2006]; *Metropolitan Steel Indus. v Rosenshein Hub Dev. Corp.*, 257 AD2d 422 [1999]; *Balendran v North Shore Med. Group*, 251 AD2d 522, 523 [1998]; *Matter of Baer v Lipson*, 194 AD2d 787 [1993]). In any event, these assertions, even if they were not hearsay, would have been insufficient to establish when the summons and complaint were received, if at all, or that the defendant "did not personally receive notice of the summons in time to defend" (CPLR 317; *see Metropolitan Steel Indus. v Rosenshein Hub Dev. Corp., supra*).

The reply affidavit of the defendant's "sole owner and officer" failed to cure the deficiency. In any event, new matters raised for the first time in a reply affidavit are not properly considered (*see Hoyte v Epstein*, 12 AD3d 487, 488 [2004]; *Jackson-Cutler v Long*, 2 AD3d 590 [2003]).

Accordingly, the Supreme Court erred in granting the defendant's motion. Crane, J.P., Ritter, Rivera and Lunn, JJ., concur.