*49 OPINION OF THE COURT
Per Curiam.
Order, dated September 2, 2010, affirmed, without costs.
The determination of “prevailing party” status, and with it, of the party or parties entitled to an attorneys’ fee award pursuant to Real Property Law § 234 requires “an initial consideration of the true scope of the dispute litigated, followed by a comparison of what was achieved within that scope” (Excelsior 57th Corp. v Winters, 227 AD2d 146, 147 [1996]). After joinder of issue, but prior to trial, tenant tendered the entire amount ($10,125) of rent arrears sought by landlord for the three-month period (August 2009 — October 2009) covered in the nonpayment petition. Tenant’s fourth affirmative defense alleging “bad faith and retaliation” and fourth counterclaim seeking recovery for “deceptive practices” were dismissed on landlord’s motion. After trial on tenant’s counterclaim for breach of the warranty of habitability, tenant was awarded an abatement of $6,749.75, representing an 11% reduction in rent for the 18-month period from October 2008 through March 2010, but no recovery on his claims for punitive and treble damages. In these circumstances, we agree that the mixed outcome of the litigation was not “substantially favorable” to either side (see Pelli v Connors, 7 AD3d 464 [2004]; Walentas v Johnes, 257 AD2d 352, 354 [1999], lv dismissed 93 NY2d 958 [1999]) and that neither should be accorded the status of a prevailing party.
Schoenfeld, J.E, Hunter, Jr., and Torres, JJ., concur.