OPINION OF THE COURT
Memorandum.
Ordered that the judgment is reversed, without costs, so much of the order entered December 11, 2009 as granted the branch of tenant’s motion seeking summary judgment on his counterclaim for attorney’s fees is vacated, and that branch of tenant’s motion is denied.
In November 2008, tenant filed a rent overcharge complaint with the Department of Housing and Community Renewal (DHCR). In December 2008, landlord commenced this nonpayment summary proceeding, alleging the nonpayment of $13,115.75 in rent. The petition alleged that the rent for tenant’s apartment was $1,300 per month. In his answer, tenant alleged that the legal registered rent was $403 per month, and asserted counterclaims for restitution of rent overcharges, treble damages, and attorney’s fees pursuant to Real Property Law § 234.
Tenant moved for summary judgment dismissing the petition based on proof of a DHCR rent reduction order dated December 20, 2004, setting the legal regulated rent at $403 per month, for treble overcharge damages of $25,725 based on that order, and for attorney’s fees. Landlord cross-moved for an order striking the overcharge counterclaim without prejudice, pending the determination by DHCR of tenant’s overcharge claim and of landlord’s application for a rent adjustment. Landlord did not oppose so much of the motion as sought to dismiss the petition based on unpaid rent, but opposed the claim for treble damages.
*62 By order dated December 11, 2009, the Civil Court granted tenant summary judgment dismissing the petition “without prejudice,” denied the branch of tenant’s motion seeking summary judgment on the overcharge counterclaim as “moot,” and severed the overcharge counterclaim “without prejudice” in deference to the pending DHCR proceedings. The Civil Court also concluded that tenant was the prevailing party in this nonpayment summary proceeding and granted the branch of tenant’s motion seeking summary judgment on his counterclaim for attorney’s fees to the extent of ordering a hearing to determine the reasonable amount thereof.
At the September 30, 2010 hearing on attorney’s fees, the parties agreed that, following the December 11, 2009 order, DHCR had issued a determination of tenant’s overcharge claim and that, in January 2010, tenant, unsatisfied with that determination, had filed a petition for administrative review. On October 5, 2010, the Civil Court entered a judgment awarding tenant $15,597.75 in attorney’s fees.
At the outset, we reject tenant’s contention that this court’s dismissal, as untimely, of landlord’s appeal from the December 11, 2009 order bars landlord from challenging the Civil Court’s determination to award attorney’s fees. While “a prior dismissal for want of prosecution acts as a bar to a subsequent appeal as to all questions that were presented on the earlier appeal” (Bray v Cox, 38 NY2d 350, 353 [1976]), there is no rule which bars a party who has failed timely to appeal from an order from challenging the propriety of that order when it is brought up for review on an appeal from a final judgment (see CPLR 5501 [a] [1]).
The Civil Court’s dismissal of the petition “without prejudice” is not a final determination of the merits (see Landau, P.C. v LaRossa, Mitchell & Ross, 11 NY3d 8, 13 n 2 [2008]), as, by that language, the court expressly reserved landlord’s right to maintain a subsequent proceeding (see 73A NY Jur 2d, Judgments § 422). An application for an award of attorney’s fees is premature before the “ultimate outcome” of a controversy has been reached (see Elkins v Cinera Realty, 61 AD2d 828, 828 [1978]). A determination of whether a tenant is the prevailing party “requires an initial consideration of the true scope of the dispute litigated, followed by a comparison of what was achieved within that scope” (Excelsior 57th Corp. v Winters, 227 AD2d 146, 147 [1996]), that is, whether the tenant has obtained the “central relief sought” (Nestor v McDowell, 81 NY2d 410, 416 *63 [1993]; see Sykes v RFD Third Ave. I Assoc., LLC, 39 AD3d 279 [2007]; Solow Mgt. Corp. v Tanger, 19 AD3d 225, 227 [2005]; see also Wirth v Chambers-Greenwich Tenants Corp., 87 AD3d 470, 474 [2011]). The petition’s dismissal without prejudice did not represent the ultimate outcome of the controversy, as landlord may commence a new action or proceeding should it be determined by DHCR that a net sum is owed by tenant following its determination of the legal regulated rent and given tenant’s nonpayment of rent for 10 months. Even if tenant ultimately prevails on a portion of the rent counterclaims, such a result may be only “mixed” and not “substantially favorable” to tenant for prevailing party purposes (339-347 E. 12th St. LLC v Ling, 31 Misc 3d 48, 49 [App Term, 1st Dept 2011]; see 4702 Chiel Kurtz Realty, LLC v Molano, 36 Misc 3d 8 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]).
Accordingly, the judgment awarding tenant attorney’s fees is reversed, so much of the order entered December 11, 2009 as granted the branch of tenant’s motion seeking summary judgment on his counterclaim for attorney’s fees is vacated, and that branch of tenant’s motion is denied.
Pesce, PJ., Weston and Rios, JJ., concur.