■ In the Matter of J.P. & ASSOCIATES PROPERTIES CORP., Respondent, MICHAEL S. KRAUTTER, Appellant. [9 NYS3d 626]—

In a summary proceeding to recover possession of real property based on the nonpayment of rent, Michael S. Krautter appeals, by permission, from an order of the Appellate Term of the Supreme Court for the Second, Eleventh, and Thirteenth Judicial Districts, dated February 1, 2013, which, inter alia, reversed a judgment of the Civil Court, Kings County (Sikowitz, J.), dated October 5, 2010, which, after a hearing and upon an order of that court dated December 11, 2009, inter alia, granting that branch of his motion which was for summary judgment on his counterclaim seeking an award of attorney's fees, awarded him attorney's fees in the total sum of $15,597.75.

Ordered that the order dated February 1, 2013, is affirmed, with costs.

The appellant, who leased a rent-stabilized apartment from the petitioner, filed a rent overcharge complaint with the Division of Housing and Community Renewal (hereinafter DHCR). The petitioner thereafter commenced this summary proceeding to recover possession of the apartment based on nonpayment of rent. The appellant asserted a counterclaim to recover rent overcharges and treble damages, and a second counterclaim to recover attorney's fees pursuant to Real Property Law § 234.

Thereafter, the appellant moved for summary judgment

dismissing the petition and on his first and second counterclaims. The Civil Court granted that branch of the appellant's motion which was for summary judgment dismissing the petition, without prejudice, declined to determine the appellant's first counterclaim to recover for a rent overcharge and treble damages, in deference to the proceeding pending before DHCR, and granted that branch of the appellant's motion which was for summary judgment on his second counterclaim, to recover attorney's fees. After a hearing, the Civil Court entered a judgment awarding the appellant attorney's fees in the total sum of $15,597.75. The Appellate Term thereafter reversed that judgment, and denied that branch of the appellant's motion which was for summary judgment on his second counterclaim. However, we note that the Appellate Term did not dismiss the second counterclaim.

Attorney's fees pursuant to Real Property Law § 234 may be awarded, in appropriate circumstances, to a tenant who is a prevailing party in a controversy that has reached an "ultimate outcome" (*Elkins v Cinera Realty*, 61 AD2d 828, 828 [1978]; *see 640 Broadway Renaissance Co. v Rossiter*, 256 AD2d 568 [1998]; *see also Nestor v McDowell*, 81 NY2d 410 [1993]). Contrary to the appellant's contention, the Appellate Term properly determined that the controversy at issue had not reached an "ultimate outcome" (*Elkins v Cinera Realty*, 61 AD2d at 828). Therefore, his motion for summary judgment on his second counterclaim was premature. Accordingly, the Appellate Term properly reversed the judgment of the Civil Court, and denied that branch of the appellant's motion which was for summary judgment on his second counterclaim.

The parties' remaining contentions need not be reached in light of our determination. Mastro, J.P., Skelos, Dickerson and LaSalle, JJ., concur.