Shorefront Apartments, LLC, Respondent,
against
Nella Manko, Appellant, and Liuba Manko, Tenant.
Nella Manko, appellant pro se.
Goldberg And 
Lustig, PLLC, Hal L. Rose, Esq., for respondent.



Consolidated appeals from (1) a final judgment of the Civil Court of the City of New York, Kings County (Kevin C. McClanahan, J.), entered July 25, 2013, and an order of the same court dated August 2, 2013, (2) an order of the same court dated August 23, 2013, deemed from a judgment of the same court entered August 23, 2013 (see CPLR 5512 [a]), and an order of the same court dated August 28, 2013, and (3) an order of the same court dated November 15, 2013, deemed in part from a judgment of the same court entered November 15, 2013 (see id.). The final judgment, insofar as appealed from, entered upon tenant Nella Manko's failure to appear at trial, awarded landlord possession and arrears in the sum of $2,493.06 as against her and dismissed her counterclaims in a nonpayment summary proceeding. The order dated August 2, 2013 denied a motion by Liuba Manko to vacate so much of the default final judgment as was entered against her and granted landlord's cross motion for attorney's fees to the extent of setting the matter down for a hearing. The judgment entered August 23, 2013 upon the order dated August 23, 2013 which, after a hearing, granted landlord's cross motion for attorney's fees, insofar as appealed from, awarded landlord attorney's fees in the sum of $6,063.43 as against Nella Manko. The order dated August 28, 2013 denied Nella Manko's motion to vacate the default final judgment. The order entered November 15, 2013, insofar as directly appealed from, denied the branch of Nella Manko's motion which again sought to vacate the default final judgment. The judgment entered November 15, 2013 upon the order dated November 15, 2013 which, after a hearing, granted the branch of landlord's motion seeking additional attorney's fees, insofar as appealed from, awarded landlord additional attorney's fees in the sum of $2,206 as [*2]against Nella Manko.




ORDERED that so much of the appeal as is from the final judgment entered July 25, 2013 is dismissed, as no appeal lies from a judgment entered upon the default of the appealing party (see CPLR 5511; Matter of Davy v Davy, 75 AD3d 506 [2010]); and it is further,
ORDERED that so much of the appeal as is from the portion of the order dated August 2, 2013 that denied Liuba Manko's motion to vacate so much of the default final judgment as was entered against her is dismissed, as tenant Nella Manko is not aggrieved by that portion of the order (see CPLR 5511; Rinaldi v Evenflo Co., Inc., 62 AD3d 856 [2009]); and it is further,
ORDERED that so much of the appeal as is from the portion of the order dated August 2, 2013 that granted landlord's cross motion for attorney's fees to the extent of setting the matter down for a hearing is dismissed as the right of direct appeal from the intermediate order terminated with the entry of a judgment on August 23, 2013; and it is further,
ORDERED that the judgments entered August 23, 2013 and November 15, 2013, insofar as appealed from, and the order dated August 28, 2013, are affirmed, without costs.
In this nonpayment summary proceeding, appellant Nella Manko (tenant) interposed affirmative defenses and counterclaims alleging, insofar as is relevant to this appeal, a rent overcharge. In an order dated May 15, 2013, the Civil Court granted a motion by landlord to the extent of striking certain defenses and counterclaims, but specifically stated that tenant's rent-overcharge claim would stand. 
A final judgment awarding landlord possession and the sum of $2,493.06, and dismissing the remaining counterclaims, was entered against tenant and Liuba Manko ("Manko") on July 25, 2013 upon their default in appearing for trial (see Uniform Rules for New York City Civil Court [22 NYCRR] § 208.14 [b] [1]). Manko moved to vacate so much of the default final judgment as was entered against her, and landlord cross-moved for attorney's fees. By order dated August 2, 2013, the Civil Court denied Manko's motion and granted landlord's cross motion to the extent of setting the matter down for a hearing on attorney's fees.
After the hearing, by order dated August 23, 2013, the Civil Court granted landlord's cross motion for attorney's fees. A judgment awarding landlord the sum of $6,063.43 was entered on the same date. 
Thereafter, tenant moved to vacate so much of the final judgment as was entered against her, alleging that she had not been aware that the matter had been on for trial. By order dated August 28, 2013, the Civil Court denied tenant's motion. 
Tenant then again moved to vacate the final judgment or, in the alternative, to vacate the warrant, and landlord cross-moved for additional attorney's fees. After a hearing, by order dated November 15, 2013, the Civil Court granted tenant's motion to the extent of permanently staying [*3]the warrant, finding that tenant had paid the final judgment amount, and granted landlord's cross motion for additional attorney's fees. A judgment awarding landlord the sum of $2,206 was entered on the same date. 
On appeal, tenant is apparently arguing that her motions to vacate the default final judgment, based on excusable default (see CPLR 5015 [a] [1]), should have been granted in that she was unaware that the matter was on for trial on July 25, 2013. However, the record demonstrates that a prior order, dated July 2, 2013, specifically stated that the matter was being adjourned for trial on July 25, 2013 at 9:30 a.m. In addition, there are unrebutted allegations on the record, including a statement by the court, that tenant, who had been in the courthouse when the trial had taken place, had refused instructions from court personnel to leave the resolution part and go to the trial part. Generally, the determination of what constitutes a reasonable excuse for a default lies within the sound discretion of the motion court (see Harris v S.A.S. Accounting & Mgt., Inc., 15 Misc 3d 145[A], 2007 NY Slip Op 51177[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2007]). Here, the motion court did not improvidently exercise that discretion, as tenant did not demonstrate that the final judgment should be vacated. 
Contrary to tenant's arguments on appeal, the dismissal of her rent overcharge counterclaim did not modify the terms of her lease and, therefore, has no impact on either of the judgments insofar as they awarded landlord attorney's fees against tenant. We note that landlord was the prevailing party and is entitled to attorney's fees (see 339-347 E. 12th St. LLC v Ling, 31 Misc 3d 48 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]). 
Accordingly, the judgments entered August 23, 2013 and November 15, 2013, insofar as appealed from, and the order dated August 28, 2013, are affirmed.
Weston, J.P., Pesce and Aliotta, JJ., concur. 
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 07, 2017