Seven Pines Associates, etc., Respondent,
against
Lillian Dixon, Appellant.




Jacqueline Boone, Esq., for appellant.
Finger & Finger, P.C. (Carl L. Finger, Esq.), for respondent.

Appeal from an order of the City Court of Yonkers, Westchester County (Thomas R. Daly, J.), entered April 7, 2016. The order denied tenant's motion to vacate a final judgment of the same court entered July 20, 2015, and the warrant issued pursuant thereto, and to dismiss the petition, in a holdover summary proceeding.




ORDERED that the order is modified by providing that the branches of tenant's motion seeking to vacate the final judgment and warrant are granted; as so modified, the order is affirmed, without costs.
In February 2015, landlord commenced this holdover proceeding, alleging the termination of a month-to-month tenancy and seeking to recover the premises and unpaid rent. A rent ledger annexed to the petition indicates that tenant had paid her rent late from December 31, 2010 though February 1, 2015. On April 29, 2015, the parties entered into a so-ordered stipulation of settlement in which tenant agreed to pay $1,350 in rent on or before the first of each month for the months of May 2015 through April 2016, and which provided that "time is of the essence." In June 2015, landlord sought the entry of a final judgment of possession, the issuance of a warrant, and a money judgment, based on an unsworn allegation by counsel, not made on personal knowledge, that tenant had not paid rent for June 2015. A final judgment was entered [*2]on July 20, 2015, awarding landlord possession, a warrant, and the sum of $1,682.33 (consisting of June 2015 rent, late fees and attorney's fees). Thereafter, tenant moved to vacate the final judgment and the warrant, and to dismiss the petition, arguing, among other things, that she had timely paid her rent from June 2015 through February 2016, except for the month of December 2015, which she had paid on December 3, 2015. In opposition, landlord's attorney, again without submitting an affidavit from landlord made on personal knowledge, argued, among other things, that all of tenant's rent payments had been received after the first of the month, and that landlord had received tenant's June 2015 rent payment on June 10, 2015. The City Court, by order entered April 7, 2016, denied tenant's motion. 
Upon a review of the record, we find that tenant established that she had timely paid rent in June and, therefore, the City Court improvidently exercised its discretion in denying the branches of tenant's motion seeking to vacate the final judgment and the warrant (see 944 Kent, LLC v Padilla, 48 Misc 3d 132[A], 2015 NY Slip Op 51058[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). Contrary to tenant's contention, however, the City Court properly denied the branch of tenant's motion seeking the dismissal of the petition inasmuch as the stipulation covered the time period of May 2015 through April 2016 and, at the time tenant made her motion, the time period covered by the stipulation had not yet expired. Moreover, the City Court properly declined to consider new matters raised for the first time in tenant's reply papers (see Hoyte v Epstein, 12 AD3d 487, 488 [2004]). In any event, we note that any defects in the predicate notice were waived by tenant's entry into the stipulation of settlement (see Hernco, LLC v Hernandez, 46 Misc 3d 137[A], 2015 NY Slip Op 50062[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). We pass on no other issue.
Accordingly, the order is modified by providing that the branches of tenant's motion seeking to vacate the final judgment and warrant are granted.
Iannacci, J.P., Tolbert and Brands, JJ., concur.
Decision Date: May 23, 2017