Columbia Credit Services, Inc., as Assignee of MBNA America Bank, NA, Respondent,
against
Jimmy Sung, Appellant.




Mitchell L. Pashkin, Esq., for appellant.
Tenaglia & Hunt, P.A. (Georgios Panagiotopoulos, Esq.), for respondent.

Appeal from an order of the Civil Court of the City of New York, Richmond County (Philip S. Straniere, J.), entered November 18, 2015. The order denied defendant's motion to vacate a default judgment.




ORDERED that the order is affirmed, without costs.
In June 2007, plaintiff commenced this action to recover the principal sum of $15,855.45 for breach of a credit card agreement. The affidavit of service of process indicates that service was effected by delivery to a person of suitable age and discretion at a Staten Island address and that copies thereof were subsequently mailed to the same address (see CPLR 308 [2]). Defendant failed to appear and answer, and, on December 11, 2007, a default judgment was entered against defendant in the sum of $15,932.37.
In May 2015, defendant moved to vacate the default judgment pursuant to CPLR 5015 (a) (1) and (4). In an affidavit in support of the motion, defendant alleged, among other things, that he was never "served with any papers in this case," no "legal papers were attached to [his] door," and "[n]obody ever handed [him] a copy of this lawsuit." He further alleged that he had stopped using his credit card before 2004 and the last payment he had made to the account was in 2004. Plaintiff opposed the motion, arguing, among other things, that defendant had failed to show that service of process was improper. The Civil Court denied defendant's motion.
Generally, a process server's affidavit of service constitutes prima facie proof of proper service (see Deutsche Bank Natl. Trust Co. v Quinones, 114 AD3d 719 [2014]; Parker v Top Homes, Inc., 58 AD3d 817, 818 [2009]; 425 E. 26th St. Owners Corp. v Beaton, 50 AD3d 845, 846 [2008]; Sando Realty Corp. v Aris, 209 AD2d 682 [1994]). A defendant is required to submit a sworn, nonconclusory, factually specific denial of service in order to rebut this prima facie showing (see Deutsche Bank Natl. Trust Co. v Quinones, 114 AD3d at 719 [the "respondent's bare and unsubstantiated denial of service lacked the factual specificity and detail required to rebut the prima facie proof of proper service set forth in th[e] affidavit of service"]). 
CPLR 308 (2) authorizes service by delivery of the summons to a person of suitable age and discretion at the defendant's dwelling place or usual place of abode, and by mailing the summons to the defendant's last known residence. The affidavit of service of process contained in the record indicates that service was effected by delivery to a person of suitable age and discretion at a Staten Island address and that copies thereof were subsequently mailed to the same address (see CPLR 308 [2]). We find that the conclusory sworn allegations contained in defendant's affidavit in support of his motion to vacate the default judgment were insufficient to rebut the prima facie proof of proper service (see Deutsche Bank Natl. Trust Co. v Quinones, 114 AD3d 719). Consequently, the Civil Court properly denied the branch of defendant's motion seeking to vacate the default judgment pursuant to CPLR 5015 (a) (4). 
With respect to the branch of defendant's motion seeking vacatur pursuant to CPLR 5015 (a) (1), defendant failed to demonstrate a reasonable excuse for his default, in that his claims were conclusory and he failed to allege that he had never received the mailed copy of the summons and complaint. In addition, since defendant did not deny that the balance owed was correct, he failed to establish a meritorious defense to the action. We note that, although the service was not effected by personal delivery to defendant, CPLR 317 does not apply because defendant's May 2015 motion to vacate the default judgment was made more than five years after the default judgment had been entered.
We further note that defendant's assertions, raised for the first time in reply papers, that he resided in New Jersey in the beginning of 2007, will not be considered (see Alto v Firebaugh Realty Corp., N.V., 33 AD3d 738, 739 [2006]; Jain v New York City Tr. Auth., 27 AD3d 273 [2006]; Hoyte v Epstein, 12 AD3d 487, 488 [2004]).
Accordingly, the order denying defendant's motion to vacate the default judgment is affirmed.
ALIOTTA, J.P., PESCE and SOLOMON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: September 29, 2017