Scarsdale Fairway, LLC v Weinstein (2025 NY Slip Op 50178(U))

[*1]

Scarsdale Fairway, LLC v Weinstein

2025 NY Slip Op 50178(U)

Decided on January 23, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 23, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : ELENA GOLDBERG-VELAZQUEZ, J.P., TIMOTHY S. DRISCOLL, GRETCHEN WALSH, JJ

2024-283 W C

Scarsdale Fairway, LLC, Respondent,
against
Hal Weinstein and Pamela Marr, Appellants. 

Law Offices of Gerry E. Feinberg, P.C. (Gerry E. Feinberg of counsel), for appellants.
Mark A Guterman, for respondent.

Appeal from an order of the Justice Court of the Town of Greenburgh, Westchester County (Erin M. McGoey, J.), entered February 12, 2024. The order, insofar as appealed from, denied the branch of tenants' motion seeking attorney's fees in a holdover summary proceeding.

ORDERED that the order, insofar as appealed from, is affirmed, without costs. 
In or about January 2024, landlord commenced this holdover proceeding to recover possession of the premises after terminating the tenancy on the ground that tenants had breached the lease, and created a nuisance, by placing large plant containers, as well as furniture, on the patio and other non-rented areas of the complex without the permission of landlord, and had failed to abide by the notice to cure. Tenants moved to dismiss the petition pursuant to CPLR 3211 (a) (4) and (7), arguing, among other things, that the predicate notice is defective, and sought attorney's fees. In reply to landlord's opposition to the motion, tenant argued, for the first time, that the proceeding was retaliatory pursuant to Real Property Law § 223-b. By order dated February 12, 2024, insofar as appealed from, upon granting the branch of tenants' motion seeking to dismiss the petition based upon a defective predicate notice, the Justice Court (Erin M. McGoey, J.) denied the branch of the motion seeking attorney's fees. On appeal, tenants contend [*2]that the Justice Court should have awarded them attorney's fees pursuant to Real Property Law § 234 and/or considered their retaliatory eviction claim, which would also be a basis for an award of attorney's fees.
Real Property Law § 234 (1) provides that a prevailing residential tenant can recover attorney's fees if the tenant's lease provides that the landlord may recover attorney's fees in a litigation arising under the lease resulting from the tenant's default or breach of the lease (see Graham Ct. Owner's Corp. v Taylor, 24 NY3d 742 [2015]). Such recovery, however, is conditioned upon "the ultimate outcome of the controversy," not "the outcome of each separate stage of . . . one controversy," "whether or not such outcome is on the merits" (Elkins v Cinera Realty,61 AD2d 828, 828 [1978]; see Matter of J.P. & Assoc. Props. Corp. v Krautter, 128 AD3d 963 [2015], affg 38 Misc 3d 60, 62 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]; Midland Props. L.P. v Morck, 14 Misc 3d 136[A], 2007 NY Slip Op 50236[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2007]; see also Nestor v McDowell, 81 NY2d 410, 415-416 [1993]).
Here, the petition was dismissed on a procedural ground and the record indicates that the true scope of the dispute hasn't been litigated (see Roxborough Apt. Corp. v Becker, 177 Misc 2d 408, 410 [Civil Ct, Kings County 1998]; see also Matter of J.P. & Assoc. Props. Corp.,128 AD3d 963; Midland Props. L.P. v Morck, 2007 NY Slip Op 50236[U]). We find that there was no ultimate determination of landlord's claims that tenant breached the lease and created a nuisance and, therefore, an award of attorney's fees would be premature. Moreover, as tenants' Real Property Law § 223-b retaliatory eviction claim was improperly raised for the first time in their reply to landlord's opposition to their pre-answer motion to dismiss, we do not consider it (see Alto v Firebaugh Realty Corp., N.V., 33 AD3d 738, 739 [2006]; Jain v New York City Tr. Auth., 27 AD3d 273 [2006]; Hoyte v Epstein, 12 AD3d 487, 488 [2004]).
Accordingly, the order, insofar as appealed from, is affirmed.
GOLDBERG-VELAZQUEZ, J.P., DRISCOLL and WALSH, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: January 23, 2025