## Gehl Foods, LLC v Worldwide Sport Nutritional Supplements, Inc.

2025 NY Slip Op 31602(U)

May 2, 2025

Supreme Court, New York County

Docket Number: Index No. 653626/2024

Judge: Anar Rathod Patel

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 45

-----------------------------------------------------------------------X

GEHL FOODS, LLC

                         Plaintiff,

- v -

WORLDWIDE SPORT NUTRITIONAL
SUPPLEMENTS, INC.,

                         Defendant.

-----------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 653626/2024 |
| **MOTION DATE** | 02/24/2025 |
| **MOTION SEQ. NO.** | 005 |

**DECISION + ORDER ON MOTION**

**HON. ANAR RATHOD PATEL:**

The following e-filed documents, listed by NYSCEF document number (Motion 005) 2, 67, 70–77, 82, 91–92 were read on this motion to/for <u>ATTORNEYS' FEES.</u>

By Decision and Order dated December 16, 2024, the Court granted Defendant Worldwide Sport Nutritional Supplements, Inc.'s ("1440" or "Defendant") Motion to Dismiss the Complaint without prejudice pursuant to CPLR §§ 3211(a)(1) and (a)(7).  *See* NYSCEF Doc. No. 67 (12/16/24 Decision and Order).  The Court determined that Plaintiff Gehl Foods, LLC ("Plaintiff") failed to allege a breach of the Pilot Agreement and Amendment, which was intended as an agreement for a pilot run for the products at issue and required that any amendment or modification must be made in writing.  The Court carefully considered the contentions of the parties and rendered a decision on the merits. *See id.* at 29–38.  Plaintiff has not appealed the Court's decision and i time to file a notice of appeal has passed.

On February 24, 2025, Defendant moved for an award of attorneys' fees and necessary expenses in the amount of $149,261.27 pursuant to Section 10 of the Pilot Agreement, which provides that the "prevailing Party shall be entitled to recover from the other all necessary expenses and reasonable attorneys' fees incurred, in addition to any other relief to which it is entitled." *See* NYSCEF Doc. No. 2 (Pilot Agreement).  In support of its application, Defendant advances three arguments: (1) because the Court determined  the Pilot Agreement was inapplicable to future purchases on the merits, Plaintiff is precluded from reasserting claims based on the Pilot Agreement, rendering Defendant the prevailing party; (2) Defendant's request for fees is timely; and (3) Plaintiff's failure to contest the reasonableness of the fees in opposition waives any subsequent challenge and accordingly, fees should be awarded to Defendant.  NYSCEF Doc. No. 77 at 6–13.

On March 28, 2025, Plaintiff opposed the Motion, arguing: (1) Defendant is not a prevailing party because the dismissal was without prejudice and related claims are pending in

653626/2024  GEHL FOODS, LLC vs. WORLDWIDE SPORT NUTRITIONAL SUPPLEMENTS, INC.
Motion No.  005

Page 1 of 5

1 of 5

another forum[1]; (2) Defendant's motion is untimely because it was filed after entry of judgment; and (3) the Court should not consider the reasonableness of fees unless and until an entitlement determination is made following a hearing. *See* NYSCEF Doc. No. 82 at 8–13.

On April 4, 2025, Defendant filed a reply, maintaining that: (1) the Court's determination regarding the Pilot Agreement's inapplicability was made on the merits and precludes Gehl from pursuing claims under the Agreement; (2) the application is timely because it seeks fees following a dispositive ruling, not by way of amendment of a judgment; and (3) Gehl waived any objection to the reasonableness of the requested fees by failing to raise the issue in its Opposition. *See* NYSCEF Doc. No. 92 at 6–13.

Attorneys' fees are merely an incident of litigation and thus are not recoverable absent a specific contractual provision or statutory authority. *Hooper Associates, Ltd. v. AGS Computers, Inc.,* 74 N.Y.2d 487, 491 (1989). The reasonableness of legal fees "can be determined only after consideration of the difficulty of the issues and the skill required to resolve them; the lawyers' experience, ability and reputation; the time and labor required; the amount involved and benefit resulting to the client from the services; the customary fee charges for similar services; the contingency or certainty of compensation; the results obtained and the responsibility involved." *Morgan & Finnegan v. Howe Chem. Co., Inc.*, 210 A.D.2d 62, 63 (1st Dept. 1994) (internal citations omitted). An award of reasonable attorneys' fees is within the sound discretion of the court. *JK Two LLC v. Garber*, 171 A.D.3d 496–497, 98 N.Y.S.3d 37 (1st Dept. 2019). Here, Defendant claims entitlement to contractual attorney' fees based on Section 10 of the Pilot Agreement.

*I. Prevailing Party Status*

To determine whether a party has "prevailed" for the purpose of awarding attorneys' fees, the court must consider the "true scope" of the dispute litigated and what was achieved within that scope. *See Excelsior 57th Corp. v. Winters*, 227 A.D.2d 146 (1996). To be considered a "prevailing party," one must simply prevail on the central claims advanced, and receive substantial relief in consequence thereof. *See Board of Mgrs. of 55 Walker St. Condominium v. Walker St.*, 6 A.D.3d 279 (2004). Plaintiff's reliance on inapposite landlord-tenant and summary proceeding cases, including *J.P. & Assocs. Props. Corp. v. Krautter*, 38 Misc. 3d 60 (App. Term 2d Dept 2013), is misplaced. In those cases, dismissals left unresolved central claims and expressly contemplated future litigation. For example, in *Krautter*, the petition was dismissed without prejudice while a related DHCR proceeding remained pending. The court held that a prevailing party determination was premature because the "ultimate outcome" of the controversy had not been reached. *See also Elkins v. Cinera Realty, Inc.*, 61 A.D.2d 828 (2d Dept 1978).

---

[1] Plaintiff states "the parties are presently and actively litigating this contract dispute in the Eastern District of New York." *See* NYSCEF Doc. No. 82 (Pl. Opp'n). Upon close review of the Complaint filed in that action, there is no mention of the Pilot Agreement in the Complaint; rather, 1440 alleges breach of Purchase Orders, which contain a mandatory forum selection clause requiring that claims arising under the Purchase Orders are litigated in federal or state courts in Suffolk County, New York. *See* NYSCEF Doc. No. 89 (Complaint, Index No. 631708/2024); *see also* NYSCEF Doc. No. 77 (Def. Mem.) at 4.

The Court finds that Defendant have established that it is the prevailing party because the Court adjudicated the central relief sought by Defendant on the merits and has disposed of Plaintiff's singular claim for breach of the Pilot Agreement. Contrary to Plaintiff's arguments, the Court's dismissal of the action was not based on a procedural defect or technicality, but rather on a dispositive legal ruling that resolved the central relief sought. The Court held that the Pilot Agreement could not be orally modified under General Obligations Law § 15-301 and the purchase orders at issue constituted fully integrated agreements, thereby barring extrinsic evidence under U.C.C. § 2-202. The Court further held that Plaintiff failed to identify any specific contractual obligation that was breached. *See* NYSCEF Doc. No. 67. Plaintiff has not appealed, sought leave to replead, and/or filed or continued any action alleging breach of the Pilot Agreement. Accordingly, there is nothing left to adjudicate, and no other proceeding exists or is anticipated that could alter the outcome of this litigation.

### II. Timeliness of Application

The Court also finds that Defendant's motion is timely. Plaintiff argues that the fee request is barred because it was not raised prior to entry of judgment, but that argument conflates this motion with cases involving belated efforts to amend judgments under CPLR § 5019(a). Here, Defendant filed its fee request by separate motion following dismissal of the action, but prior to any final determination on the issue of fees. Indeed, this procedural posture is consistent with the holding in *LMM Capital Partners, LLC v. Mill Point Capital, LLC*, 2024 WL 1284109 (Sup. Ct. N.Y. Cnty. Mar. 26, 2024). There, the court granted dismissal on the merits and then, several months later, awarded attorneys' fees under a contractual fee-shifting provision. The court rejected the argument that the fee motion was untimely or procedurally defective because it was not joined with the dispositive motion. That reasoning applies here. Defendant obtained a merits-based dismissal and timely sought fees by motion.

Cases relied upon by Plaintiff including *Rotunno v. Gruhill Constr. Corp.*, 29 A.D.3d 772 (2d Dept. 2006) and *Golden v. Multigas Distribs., Ltd.*, 256 A.D.2d 215 (1st Dept. 1998) are readily distinguishable. Those cases involved efforts to retroactively amend judgments to insert fee awards that had not been requested at the appropriate time. Defendant here made no such request.

### III. Reasonableness of Fees

In support of its application, Defendant submitted the affirmation of Arthur Joseph ("A.J.") Monaco, *Esq.*, of O'Brien LLP, detailing the legal services performed. *See* NYSCEF Doc. No. 71 (Monaco Aff.). The Monaco Affirmation describes the work performed by his firm; outlines the qualifications and billing rates of himself, Mr. O'Brien, *Esq.*, Mr. Eaton, and Ms. Mascolo; and references supporting documentation, including the underlying attorney invoices and expense summaries for September 2024 through December 2024. Defendant further submitted an expense summary, organized by billing professional and month, detailing the work performed in this matter (NYSCEF Doc. No. 72 (Ex. A, Expense Summary)) and partially redacted invoices itemizing the services rendered and billed hours (NYSCEF Doc. No. 73 (Ex. B, Invoices)).

Mr. Monaco affirms that O'Brien LLP acted as co-counsel in this matter alongside the law firm of Amin Wasserman Guarnani LLP ("AWG"). *See* Monaco Aff. ¶ 2; *see also* NYSCEF Doc. No. 74 (Spatz Aff.). The Spatz Affirmation likewise contains counsel's qualification, rates, and work performed in connection with this matter. AWG submitted its billing records, including an expense summary and itemized invoices. *See* NYSCEF Doc. Nos. 75–76."

These materials are sufficient for the Court to determine the amount of attorneys' fees to be awarded. *JK Two LLC v. Garber*, 171 A.D.3d 496 (1st Dept 2019). Nevertheless, Plaintiff requests that the Court first determine whether Defendant is entitled to fees, and then direct Plaintiff to provide a detailed and itemized response in conjunction with a hearing. Plaintiff does not meaningfully dispute the reasonableness of the requested fees in its opposition papers. The Court finds Plaintiff's requested approach to be at odds with the purpose of opposition papers and judicial economy. Nevertheless, the Court directs a hearing on the reasonableness of attorneys such that Plaintiff may challenge the amount of fees requested. *Kaufman v. Kaufman*, 189 A.D.3d 31, 73 (1st Dept. 2020). The parties are encouraged to meet and confer and to stipulate to any amount of the award. If any such agreement is reached, the parties shall promptly notify the Court and the Referee Clerk.

Accordingly, it is

**ORDERED** that Defendant's Motion for Reasonable Attorneys' Fees and Expenses is **GRANTED** on the issue of liability, and the issue of damages is referred to a Judicial Hearing Officer (JHO) or Special Referee to hear and report, and it is further

**ORDERED** that a JHO or Special Referee shall be designated to hear and report to this Court on the following individual issue of fact, which are hereby submitted to the JHO/Special Referee for such purpose: the amount of contractual attorneys' fees and expenses incurred by Defendant in this action; and it is further

**ORDERED** that this matter is hereby referred to the Special Referee Clerk (Room 119, 646-386-3028 or spref@nycourts.gov) for placement at the earliest possible date upon the calendar of the Special Referees Part (Part SRP), which, in accordance with the Rules of that Part (which are posted on the website of this Court at www.nycourts.gov/supctmanh at the "References" link), shall assign this matter at the initial appearance to an available JHO/Special Referee to hear and report as specified above; and it is further

**ORDERED** that counsel for the Defendant shall, within 15 days from the date of this Order, submit to the Special Referee Clerk by fax (212-401-9186) or e-mail an Information Sheet (accessible at the "References" link on the court's website) containing all the information called for therein and that, as soon as practical thereafter, the Special Referee Clerk shall advise counsel for the parties of the date fixed for the appearance of the matter upon the calendar of the Special Referees Part; and it is further

**ORDERED** that Defendant shall serve a proposed accounting within 24 days from the date of this Order and Plaintiff shall serve objections to the proposed accounting within 20 days from service of the Defendant's papers and the foregoing papers shall be filed with the Special Referee

[* 4]

Clerk prior to the original appearance date in Part SRP fixed by the Clerk as set forth above; and it is further

**ORDERED** that the parties shall appear for the reference hearing, including with all witnesses and evidence they seek to present, and shall be ready to proceed with the hearing, on the date fixed by the Special Referee Clerk for the initial appearance in the Special Referees Part, subject only to any adjournment that may be authorized by the Special Referees Part in accordance with the Rules of that Part; and it is further

**ORDERED** that the hearing will be conducted in the same manner as a trial before a Justice without a jury (CPLR § 4320[a]) (the proceeding will be recorded by a court reporter, the rules of evidence apply, etc.) and, except as otherwise directed by the assigned JHO/Special Referee for good cause shown, the trial of the issues specified above shall proceed from day to day until completion, and it is further

**ORDERED** that counsel shall file memoranda or other documents directed to the assigned JHO/Special Referee in accordance with the Uniform Rules of the Judicial Hearing Officers and the Special Referees (available at the "References" link on the court's website) by filing same with the New York State Courts Electronic Filing System (see Rule 2 of the Uniform Rules); and it is further

**ORDERED** that any motion to confirm or disaffirm the Report of the JHO/Special Referee shall be made within the time and in the manner specified in CPLR § 4403 and Section 202.44 of the Uniform Rules for the Trial Courts (unless a CPLR § 4317 stipulation had been entered into).

The foregoing constitutes the Decision and Order of the Court.

| **May 2, 2025** | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | | **HON. ANAR RATHOD PATEL, A.J.S.C.** | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | ☐ DENIED | GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | ☐ REFERENCE |

653626/2024  GEHL FOODS, LLC vs. WORLDWIDE SPORT NUTRITIONAL SUPPLEMENTS, INC.          Page 5 of 5
Motion No.  005