Matter of Scarsdale Fairway, LLC v Town of Greenburgh Justice Ct. (2025 NY Slip Op 51281(U))

[*1]

Matter of Scarsdale Fairway, LLC v Town of Greenburgh Justice Ct.

2025 NY Slip Op 51281(U)

Decided on August 14, 2025

Supreme Court, Westchester County

Pulver, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 14, 2025
Supreme Court, Westchester County

In the Matter of the Application of Scarsdale Fairway, LLC, Petitioner, 
 For a Judgment Pursuant to Article 78 of the Civil Practice Law and Rules

against
Town of Greenburgh Justice Court, HON. ERIN MCGOEY, 
 ANNU JACOB, HAL WEINBERG and PAMELA MARR, Respondents.

Index No. 75037/2024

Mark A. Guterman, Esq. — for Petitioner, Scarsdale Fairway, LLC. 
Joseph Danko, Esq., Greenburgh Town Attorney — for Respondents Town of Greenburgh Justice Court, Hon. Erin McGoey, and Annu Jacob. 
Gerry E. Feinberg, Esq. — for Respondents Hal Weinberg and Pamela Marr. 

Sheralyn Pulver, J.

Petitioner, Scarsdale Fairway, LLC, moves for relief pursuant to Civil Practice Law and Rules ("CPLR") Article 78 seeking to compel Town of Greenburgh Justice Court, Hon. Erin McGoey, and Annu Jacob (collectively, the "Court Respondents") to enter a final judgment in connection with an underlying summary eviction proceeding. The Court Respondents have responded to the Petition stating, in sum and substance, that the Court Respondents acted reasonably and properly and have no objection to a determination being made by this Court. Respondents Hal Weinberg and Pamela Marr have responded as well and moved to dismiss the Petition on the ground that Petitioner failed to state a claim that is actionable under Article 78.[FN1]

For the reasons set forth below, the Court denies Respondents Weinberg and Marr's motion to dismiss and grants the relief requested in the Petition.
The Court read and considered the following papers electronically filed as NYSCEF Doc. Nos. 1-30 in making its decision:
• Notice of Petition, Petition, Affirmation in Support, Exhibits A-C, Request for Judicial Intervention, and Affidavits of Service.
• Notice of Motion to Dismiss, Amended Notice of Motion, Affirmation in Support of Motion to Dismiss and in Opposition to Petition, and Exhibits A-E.
• Petitioner's Affirmation in Opposition to Motion to Dismiss, and Affidavit of Leticia Villamar.
• Reply Affirmation in Further Support of Motion to Dismiss and in Opposition to Petition.
• Court Respondents' Affirmation in Response to Petition and to Motion to Dismiss.
• Petitioner's Reply Affirmation in Further Support of Petition.
• Petitioner's correspondence dated February 6, 2025.
Facts
Respondents Hal Weinberg and Pamela Marr are tenants of a rental unit owned by Petitioner (see Petition [NYSCEF Doc. No. 1], ¶¶ 8-9). In January 2024, Petitioner commenced a summary eviction proceeding against Weinberg and Marr in the Town of Greenburgh Justice Court (id., ¶ 10; NYSCEF Doc. No. 4). Weinberg and Marr made a motion to dismiss the eviction proceeding. By Decision and Order dated February 12, 2024, the Hon. Erin McGoey, Greenburgh Town Justice, granted the motion dismissing the proceeding and denied an award of attorneys' fees to Weinberg and Marr (see Petition, ¶ 11; NYSCEF Doc. No. 5, pp. 2-6).
On or about March 11, 2024, Weinberg and Marr filed a Notice of Appeal from so much of the Decision and Order that denied an award of attorneys' fees (see NYSCEF Doc. No. 5).[FN2]
While Weinberg and Marr's appeal was pending in the Appellate Term, Petitioner's counsel contacted the Town of Greenburgh Justice Court Administrator, Respondent Annu Jacob, to request that the Justice Court issue a final judgment in the eviction proceeding. By email dated August 19, 2024, Respondent Jacob advised counsel, in sum and substance, that the court was unable to issue a final judgment while the appeal was still pending in the Appellate Term (see NYSCEF Doc. No. 3, ¶ 6; NYSCEF Doc. No. 6). Petitioner commenced the instant Article 78 proceeding on November 12, 2024.
On January 23, 2025, the Appellate Term issued its Order affirming the Town of Greenburgh Justice Court's February 12, 2024, Decision and Order (see NYSCEF Doc. No. 30; [*2]Scarsdale Fairway, LLC v Weinstein, 85 Misc 3d 128[A], 2025 NY Slip Op 50178[U] [App Term, 2d Dept, 9th and 10th Jud. Dists. 2025]).
Discussion
Article 78 relief in the nature of mandamus to compel is available where the respondent failed to perform a duty enjoined upon it by law (see CPLR § 7803[1]). "The extraordinary remedy of mandamus is available in limited circumstances only to compel the performance of a purely ministerial act which does not involve the exercise of official discretion or judgment, and only when a clear legal right to the relief has been demonstrated" (Patel v Town of Rhinebeck, 225 AD3d 879, 880 [2d Dept. 2024] [internal citations omitted]). Unlike a discretionary act, "a ministerial act envisions direct adherence to a governing rule or standard with a compulsory result" (id.). Such a proceeding may be brought after there has been a demand for action and a refusal by the respondent (see Hoffmann v New York State Ind. Redistricting Commn., 41 NY3d 341, 365 [2023]).
The salient question in this proceeding is whether entry of a judgment in the underlying summary eviction proceeding is such a ministerial act that the Court Respondents were required to perform under the circumstances.
At the outset, a summary eviction proceeding is a special proceeding (see Real Property Actions and Proceedings Law ["RPAPL"] § 701). Like other special proceedings, a summary eviction proceeding must terminate in a judgment (see RPAPL § 747[1] ["The court shall direct that a final judgment be entered determining the right of the parties "]; CPLR § 411). "A judgment is the determination of the rights of the parties in an action or special proceeding and may be either interlocutory or final. A judgment shall refer to, and state the result of, the verdict or decision, or recite the default upon which it is based" (CPLR § 5011).[FN3]

A motion, on the other hand, terminates in an order (see CPLR § 2211 ["A motion is an application for an order"]). A special proceeding bears some similarities to a motion—e.g., it is brought on notice (or by order to show cause) with a specified return date and timeframes for responsive papers (see CPLR § 403). However, a special proceeding is not, in and of itself, a motion (see generally Siegel & Connors, New York Practice § 554 [6th ed, Dec. 2024 update]; Matter of Kaufman, Alsberg & Co v Green Co, 30 Misc 2d 1025, 1029 [Sup Ct, NY County 1961]).
Where a motion is made in a special proceeding, there must be an order disposing of the motion, as well as a judgment formally disposing of the proceeding. This holds true even where an order is issued granting a motion to dismiss; there must still be a resultant judgment to ultimately terminate the proceeding (see HSBC Bank USA, N.A. v Rubin, 210 AD3d 73, 77 [2d [*3]Dept. 2022] ["an order of dismissal is not the same as a judgment under CPLR 5011 An action is not actually concluded until a final judgment is entered"]). "[A]n action or proceeding is concluded upon entry of the final judgment, and not by operation of any decision or order preceding it" (id. at 79. See also RPAPL § 747[1]; CPLR § 411).
Thus, in deciding Weinberg and Marr's motion to dismiss, the Justice Court's order should have stated the relief granted (i.e., dismissal of the proceeding) and directed that the clerk enter judgment reflecting as much (see RPAPL § 747[1]). The judgment to be entered by the clerk must then strictly conform to the court's order (see CPLR § 5011; Spier v Horowitz, 16 AD3d 400, 401 [2d Dept. 2005]).
Further, entry of the judgment by the clerk is a ministerial act that involves no independent exercise of discretion, the discretion having been already exercised by the court in rendering its decision and issuing the order (see id.; Cornell v Cornell, 7 NY2d 164, 168 [1959]; Huot v Dworman, 13 Misc 2d 104, 105 [Sup Ct, Kings County 1958], affd 8 AD2d 829 [2d Dept. 1959]).
Petitioner and Respondents each rely on RSVP NYC, LLC v 43-03 Broadway Realty Corp., 2012 NY Slip Op 79514(U) (App Term, 2d Dept, 11th and 13th Jud. Dists. 2012), but for different reasons. As stated in the RSVP NYC decision, "[a]n appealable order determines a motion made on notice. A summary proceeding terminates in a judgment" (id. [internal citations omitted]). Petitioner focuses on the latter sentence of this quote, while Weinberg and Marr focus on the former. However, both statements can be true at the same time, as explained above. The fact that the motion to dismiss in this matter was disposed of by order does not obviate the purpose of a judgment to terminate the proceeding. In any event, the issue in RSVP NYC was what constitutes an appealable paper, and not whether an order and judgment may both be necessary in a given case. The Appellate Term simply made clear that an order on a motion and a judgment are each appealable papers, whereas a mere decision is not (see id.; RSVP NYC, LLC v 43-03 Broadway Realty Corp., 2012 NY Slip Op 76277[U] [App Term, 2d Dept, 11th and 13th Jud. Dists. 2012]).
Whether Petitioner could have appealed from the February 12, 2024, Decision and Order without a judgment is not the question before this Court. This Court expresses no opinion on the viability or timeliness of a potential future appeal by Petitioner; that much would be for the Appellate Term to consider. This Court considers only whether entry of a judgment in the underlying eviction proceeding is a ministerial act mandated by law to which Petitioner is entitled. This Court finds that it is. Furthermore, the reason given by Respondent Jacob for the Justice Court not entering judgment—that its ability to do so was limited while the matter pended in the Appellate Term—would no longer apply as the Appellate Term has since disposed of the appeal. In other words, this Court has not been made aware of any current impediment to entry of a judgment.
Based upon the foregoing, the Court denies Respondents Weinberg and Marr's motion to dismiss and grants the Petition to the extent that the Court Respondents shall cause judgment to be entered conforming to the February 12, 2024, Decision and Order issued in the underlying [*4]summary eviction proceeding in Town of Greenburgh Justice Court.[FN4]

The parties' remaining contentions, to the extent not rendered academic or explicitly addressed herein, have been considered and found to be unavailing.
Accordingly, for all the foregoing reasons, it is hereby
ORDERED that the Petition (motion sequence #1) is granted to the extent noted above, without costs or disbursements; and it is further
ORDERED that Respondents Weinberg and Marr's motion to dismiss (motion sequence #2) is denied; and it is further
ORDERED that the Clerk of the Court shall enter judgment accordingly.
This constitutes the Decision, Order and Judgment of the Court.
Dated: August 14, 2025
White Plains, New York
HON. SHERALYN PULVER
Acting Supreme Court Justice

Footnotes

Footnote 1:Respondents Weinstein and Marr have submitted a combined motion to dismiss and response to the Petition. The affirmation of counsel states that it is submitted "(1) in opposition to the Article 78 proceeding (2) in opposition to the affirmation of Mark A. Guterman submitted in support thereof and (3) in support of the motion to dismiss this proceeding " (NYSCEF Doc. No. 12, ¶ 1). 

Footnote 2:A Notice of Appeal on behalf of Petitioner was also prepared and was mailed to Respondents Weinberg and Marr (see NYSCEF Doc. No. 12, ¶ 9; NYSCEF Doc. No. 15). However, Petitioner's counsel asserts that this Notice of Appeal was not intended to be served, that it was mailed in error, and that it was not filed with the Justice Court (see NYSCEF Doc. No. 22, ¶ 6, NYSCEF Doc. No. 25).

Footnote 3:The provisions of the CPLR are generally applicable to proceedings in the Justice Courts (see Uniform Justice Court Act ["UJCA"] § 2102). Further, a Justice Court has the "power to render any judgment that the supreme court might render in a like case" (UJCA § 1401). 

Footnote 4:Since Respondents Weinberg and Marr have submitted a response to the Petition together with their motion to dismiss, additional time to respond pursuant to CPLR § 7804(f) is not necessary.